668 So.2d 223 (1996)
Vandy TARRANT, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2096.
District Court of Appeal of Florida, Fourth District.
January 31, 1996.
Rehearing Denied March 6, 1996.
*224 Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellee.
SCHAPIRO, SHELDON M., Associate Judge.
Appellant, Vandy Tarrant ("Tarrant"), appeals from a judgment of conviction and sentence for third degree grand theft of more than $300, but less than $20,000. She argues that the trial court erred in allowing the state to introduce into evidence a tape recorded conversation of Tarrant which had not been disclosed to Tarrant's attorney until the morning of the trial. We agree and reverse and remand for a new trial.
Tarrant was employed by Sebastian Chiropractic. By the complaint affidavit filed in this case, it was alleged that Tarrant had attempted to obtain $800 belonging to Sebastian Chiropractic by transacting a "split deposit" with checks made out to Sebastian Chiropractic. As support for its case-in-chief, the state introduced a tape of a recorded telephone conversation containing incriminating admissions by Tarrant to Detective Larry Smetzer of the Indian River County Sheriff's Office, who had been assigned to investigate the matter.
The tape, however, had not been disclosed to Tarrant's counsel during discovery and was not provided until the morning of trial. The prosecutor explained that when Tarrant was arrested, the tape had been mislaid by police. She was made aware after 5:00 p.m. on the day before trial that the tape had been discovered. On the morning of trial the prosecutor had first listened to the tape and provided a copy to defense counsel. After listening to the tape, defense counsel objected to its admission into evidence, arguing inter alia that he did not have the opportunity to adequately research the legal issues implicated by the taped conversation. During a discussion between the trial court and counsel, the court offered to give defense counsel more time to review the matter. After defense counsel stated that he was not *225 asking for a continuance, the trial court then made the following comment:
I'll tell you right now it looks like a good bit of the state's evidence probably will not go in. The problem includes ruling at the time. I'm just not going to, you know, I just can't count how many (inaudible) kind of work on both the sheriff's department and the state's attorney's office. It is just ridiculous. It's inexcusable. Everything that could go wrong has gone wrong. And if I thought I were on safe grounds I would just dismiss the whole thing. Sloppy, but I don't think I can do that so I'll just sit here and let everybody embarrass themselves ...
Thereafter, during trial, the taped conversation was admitted into evidence through Detective Smetzer's testimony.
As an initial matter, we reject the state's contention that there had been no discovery violation because the prosecutor had disclosed the existence of the tape to Tarrant's counsel as soon as possible after it had been found. It is well-settled that the state is charged with constructive knowledge and possession of evidence withheld by state agents, including law enforcement officers. Gorham v. State, 597 So.2d 782 (Fla.1992); Hasty v. State, 599 So.2d 186 (Fla. 5th DCA 1992). The mere fact that the prosecutor had no actual knowledge of the existence of the tape does not relieve the state of its obligation to properly respond to Tarrant's discovery request.
Where it has been alleged that the state has committed a discovery violation, the trial court, pursuant to Richardson v. State, 246 So.2d 771, 775 (Fla.1971), and its progeny, has a duty to first make an adequate inquiry into all of the surrounding circumstances concerning the violation. The trial court must inquire as to "whether the state's violation was inadvertent or wilful, whether the violation was trivial or substantial, and most importantly, what effect, if any, did it have upon the ability of the defendant to properly prepare for trial." Id.
In the present case, although there was some discussion regarding the state's failure to produce the tape, the trial court did not make a formal finding on the record, whether there was in fact a discovery rule violation. The trial judge further did not make findings as to whether the violation was trivial or substantial, wilful or inadvertent, and what, if any, impact the discovery violation had on the appellant's ability to prepare for trial.
The state argues that so long as the inquiry was adequate to determine that the state's noncompliance with discovery resulted in no prejudice to the defendant, the trial court's failure to make express findings is not fatal. However, we conclude that the trial court's inquiry was, in fact, inadequate under Richardson. In Wilcox v. State, 367 So.2d 1020, 1022 (Fla.1979), receded from on other grounds, State v. Schopp, 653 So.2d 1016 (Fla.1995), the supreme court explained:
The purpose of a Richardson inquiry is to ferret out procedural, rather than substantive, prejudice. In deciding whether this type of prejudice exists in a given case, a trial judge must be cognizant of two separate but interrelated aspects. First, the trial judge must decide whether the discovery violation prevented the defendant from properly preparing for trial.... The second aspect of procedural prejudice deals with the proper sanction to invoke for a discovery violation.
In the instant case, the trial court made no determinations, implicit or explicit as to the prejudice, if any, suffered by Tarrant as a result of the state's failure to produce the tape. Without any determination as to this threshold issue, we find that the inquiry was inadequate to satisfy the requirements of Richardson.
We recognize that the trial court's failure to conduct a proper Richardson hearing does not constitute per se reversible error. See State v. Schopp, 653 So.2d 1016 (Fla.1995). Receding from earlier cases in which the court held that failure to make a full Richardson inquiry constitutes reversible error as a matter of law, see Smith v. State, 500 So.2d 125 (Fla.1986); Cumbie v. State, 345 So.2d 1061 (Fla.1977); and Wilcox v. State, 367 So.2d 1020 (Fla.1979), the supreme court, in its recent opinion in Schopp, explained *226 that there may be limited instances in which a reviewing court may determine that a discovery violation is harmless, even absent an adequate Richardson inquiry. 653 So.2d at 1020. However, the supreme court went on to explain that such violation may be deemed harmless only where the state proves beyond a reasonable doubt that the defendant was not procedurally prejudiced by the violation. Id. at 1021. The court stated:
In determining whether a Richardson violation is harmless, the appellate court must consider whether there is a reasonable possibility that the discovery violation procedurally prejudiced the defense. As used in this context, the defense is procedurally prejudiced if there is a reasonable possibility that the defendant's trial preparation or strategy would have been materially different had the violation not occurred. Trial preparation or strategy should be considered materially different if it reasonably could have benefitted the defendant. In making this determination every conceivable course of action must be considered. If the reviewing court finds that there is a reasonable possibility that the discovery violation prejudiced the defense or if the record is insufficient to determine that the defense was not materially affected, the error must be considered harmful. In other words, only if the appellate court can say beyond a reasonable doubt that the defense was not procedurally prejudiced by the discovery violation can the error be considered harmless.
Id. at 1020-21.
Following Schopp, we find that the state has failed to meet its burden of proving beyond a reasonable doubt that the state's transgression of the discovery rules was harmless. In the instant case, while the trial court had offered Tarrant's counsel additional time to review the tape and the legal issues raised therein, the state has not demonstrated beyond a reasonable doubt that Tarrant's trial preparation or strategy would not have been materially different if the tape had been disclosed. Without reaching the merits of appellant's claim that, if given an adequate opportunity to review the tape, she may have obtained suppression of this evidence on fifth amendment grounds, we cannot conclude beyond a reasonable doubt that appellant would not have explored this avenue if given the opportunity to do so, prior to the start of trial. As a result, we conclude that Tarrant is entitled to a new trial.
We reiterate that the potential prejudice resulting from a discovery violation is best addressed by the trial court in a Richardson inquiry. The following quotation from Schopp should be helpful to the trial judge, who did not have the benefit of this opinion at the time of Tarrant's trial, when considering the issues raised herein on remand:
We have repeatedly stressed that possible prejudice resulting from discovery violations is best addressed and remedied at the trial level. See, e.g., Smith; Wilcox; Richardson. Not only is the trial court better equipped to deal with discovery violations, if the trial court determines that a party has been prejudiced by the violation there are numerous remedial sanctions that can be imposed at that stage of the proceedings. See Fla.R.Crim.P. 3.220(n)(1). Trial courts should make every effort to adequately address alleged discovery violations because proper inquiry and corrective action by the trial court can eliminate the potential for reversal on appeal and thus avert the need for a new trial. We emphasize that the requirements set forth in Richardson and its progeny should be adhered to with the same conviction as they were when noncompliance resulted in per se reversal.
Id. at 1021.
Because we reverse and remand this case for a new trial, we address Tarrant's additional contention that the trial court erred in imposing unauthorized costs upon her as a condition of her probation should the issue come up once again on retrial. As a condition of her probation Tarrant was required to pay $50.00 to the Crimes Compensation Fund, as authorized by section 960.20, Florida Statutes (1993), and $200.00 "costs of prosecution" in accordance with section 939.01, Florida Statutes (1993).
The state concedes that the imposition of the $50.00 costs was erroneous as, under section 960.20, Florida Statutes (1991), in effect at the time the incident was alleged to *227 have taken place, the amount payable to the Crimes Compensation Trust Fund was $20.00. See Bartlett v. State, 638 So.2d 631 (Fla. 4th DCA 1994); Chapman v. State, 651 So.2d 223 (Fla. 4th DCA 1995); and Ch. 92-287, Laws of Fla. The state further concedes that the imposition of the $200.00 costs of prosecution was erroneous on grounds that before such costs could be imposed, it was obligated to demonstrate the amount spent on prosecuting Tarrant and her ability to pay those costs. Stevens v. State, 647 So.2d 335 (Fla. 4th DCA 1995) (it is improper to impose $200.00 in prosecution costs without taking any evidence to support such costs). See also Ruffin v. State, 652 So.2d 1287 (Fla. 4th DCA 1995) (state must document its expenses and trial court must consider defendant's financial resources in order to recover costs of prosecution).
Finally, we note that several of the costs in the written order are considered mandatory costs. With mandatory costs, the trial judge is not obligated to announce orally the dollar amount of these costs or to separately identify the legal basis for these costs at the sentencing hearing. Reyes v. State, 655 So.2d 111, 116 (Fla. 2d DCA 1995). Judge Altenbernd, in writing for the second district in Reyes, specifically delineated between those statutory costs which are mandatory and those that are discretionary. Id. at 117. Of those costs listed in the written order in the case at bar, all are considered mandatory costs with the exception of the $2 County Resolution Criminal Justice Trust Fund per section 943.25(7), Florida Statutes.[1] For discretionary costs, the trial court must give the defendant notice of these costs at sentencing. Id. at 116. Accordingly, should the trial court decide to reimpose this cost after retrial, it must first provide Tarrant with notice at sentencing.
REVERSED AND REMANDED.
POLEN and STEVENSON, JJ., concur.
NOTES
[1] For this cost, the proper statute citation is section 943.25(13). The form utilized by the trial court is incorrect.