705 So.2d 609 (1997)
Florence MOBLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 96-4265.
District Court of Appeal of Florida, Fourth District.
December 24, 1997.
*610 Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Denise M. Mitchell, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Florence Mobley (defendant), appeals her conviction for aggravated battery. Because defendant was prejudiced by the late disclosure of an eyewitness to the incident, who testified on the state's behalf, we reverse and remand for a new trial.
Defendant was charged with aggravated battery for allegedly cutting the face of the complaining witness with a "box-cutter" type of knife. On the date of the alleged incident, defendant and the victim had an altercation that witnesses broke up. Later that day, defendant allegedly returned to the victim's home, at which time a second altercation ensued. It was during the second altercation that Mobley allegedly cut the victim's face.
After the jury was sworn, the state advised the trial court that it had just discovered a new witness whom it wished to call at trial. The state did not disclose this witness to defendant prior to the morning of trial as it is obligated to pursuant to Florida Rule of Criminal Procedure 3.220(b)(1). "Florida's criminal discovery rules are designed to prevent surprise by either the prosecution or the defense. Their purpose is to facilitate a truthful fact-finding process." Kilpatrick v. State, 376 So.2d 386, 388 (Fla.1979).
Defendant objected to the state calling the witness, claiming that she was prejudiced in the preparation of her defense because she did not have the opportunity to develop impeachment and rebuttal testimony. See Thompson v. State, 565 So.2d 1311, 1316-17 (Fla.1990). The defense attorney stated that if she had known of this witness, her trial strategy would have been different. She made the decision as to which witnesses to call on defendant's behalf based on the witnesses listed by the state:
There were numerous other people there who we really didn't need for our creating [the defense] who now might be able to rebut these statements and, unfortunately, I can't talk with them, one's out of town right now.
At this point in the proceeding, the trial court was required to conduct a Richardson hearing. See Richardson v. State, 246 So.2d 771 (Fla.1971). Pursuant to Richardson, the trial court has a duty to make an adequate inquiry into all the surrounding circumstances concerning a state's alleged discovery violation. Id. at 775; see also Sims v. State, 681 So.2d 1112, 1114 (Fla. 1996). The court was obligated in this case to inquire as to "whether the state's violation was inadvertent or wilful, whether the violation was trivial or substantial, and most importantly, what effect, if any, did it have upon the ability of the defendant to properly prepare for trial." Richardson, 246 So.2d at 775; see also Tarrant v. State, 668 So.2d 223, 225 (Fla. 4th DCA 1996).
In the present case, the trial court did not conduct an adequate Richardson hearing and did not make a formal finding on the record as to whether there was, in fact, a discovery violation, nor did it make a finding as to whether the violation was trivial or substantial and whether the violation was inadvertent or willful. See Tarrant at 225. Because the witness was not listed on the police report and because the trial court did not make an adequate inquiry, there is no explanation of how the state came to have *611 "just discovered the witness in the process of its investigation of the case," as it claimed.
The state's disclosure of an eyewitness on the morning of trial can hardly be considered trivial in light of the significance of eyewitness testimony in a case such as this where the defendant claims she acted in self-defense and the case essentially boiled down to conflicting versions of what occurred. Cf. Thompson, 565 So.2d at 1316. Although the trial court allowed defendant an opportunity to interview the witness, this alone does not cure the procedural prejudice. The record does not disclose that the trial court ever addressed defendant's primary concern that the late disclosure affected her trial strategy and deprived her of the ability to obtain impeachment or rebuttal evidence. See Tarrant, 668 So.2d at 226.
As our supreme court stated in State v. Schopp, 653 So.2d 1016, 1021 (Fla.1995), "only if the appellate court can say, beyond a reasonable doubt, that the defense was not procedurally prejudiced by the discovery violation can the error be considered harmless." See also Renczkowski v. State, 693 So.2d 637 (Fla. 2d DCA 1997). When dealing with Richardson issues, the general rule for the vast majority of cases continues to be a finding of harmful error when discovery violations occur. A finding of harmless error is clearly the exception rather than the rule. See Pender v. State, 700 So.2d 664, 668 (Fla. 1997) (Anstead, J., concurring).
Procedural prejudice is inherent in discovery violations, see Schopp, 653 So.2d at 1021, especially ones involving the disclosure of an eyewitness minutes before a trial is to commence, where there is no justification shown by the state for the late disclosure. Waiting until the eve of trial to conduct an investigation that then reveals an additional witness is not the type of discovery violation that would generally be deemed inadvertent. Because harmful error is presumed from the failure to conduct an adequate Richardson hearing, see Schopp, 653 So.2d at 1021, and because the state has not rebutted this presumption of prejudice, defendant's conviction is reversed and this case is remanded for a new trial.
STEVENSON, J., and PARIENTE, BARBARA J. and MARRA, KENNETH A., Associate Judges, concur.