GROSS, J.
Benjamin Feast appeals four convictions arising from the theft of copper piping. He argues that after the expiration of the prescribed speedy trial time period, and after the defendant filed a notice of expiration, the state committed a discovery violation by disclosing a DNA test and a lab technician who had conducted the analysis. We reverse, because the discovery violation, along with the trial court’s failure to hold a Richardson hearing, procedurally prejudiced the defense.
Feast was accused of removing the copper piping from an uninhabited apartment building that had been damaged by Hurricane Wilma. No state witness saw Feast inside the building. Although he ran when confronted by the police, he had no stolen property in his possession when caught. At the scene of the crime, the police found a bag that contained hammers, saws, screwdrivers, wire cutters, wrenches, and gloves.
Feast filed a notice of expiration of speedy trial pursuant to Florida Rules of Criminal Procedure 3.191(h) and (p). Two days later, the court set the matter for trial within ten days, as required by rule 3.191(p). On August 9, 2010, day five of the ten-day period, jury selection commenced. Also on August 9, the state filed supplemental discovery listing (1) the addition of evidence: a crime laboratory analysis report (dated April 15, 2010) and (2) the addition of a witness: the lab technician and DNA expert who conducted the analysis, Ida Saunders. The lab report revealed that a partial DNA profile had been obtained and analyzed from a pair of gloves found with the bag of tools near the scene of the crime. The DNA samples extracted from the gloves indicated a male, but a search of the DNA profile “against the Broward County Combined DNA Index System (CODIS) failed to detect any similar profiles.” This information might have assisted the defense, since Feast’s DNA profile was included in the CODIS system.
The defense attorney made the court aware of the discovery violation. The attorney wanted to speak to Saunders but she was not under subpoena, so the court was not willing to compel a deposition. The prosecutor indicated that he was not going to call Saunders as a witness, but defense counsel indicated that the witness might have information that would be helpful to the defense. The court said that the defendant’s rule 3.191(p) notice meant that he “gave up the rights to do any discovery.” Defense counsel doubted that she could secure Saunders’ attendance at trial, and the court did not believe it had the power to order the witness’s appearance at trial. The court gave the defendant the option of waiving speedy trial and obtaining a continuance to take Saunders’ deposition. The ease proceeded to trial.
At trial, the gloves recovered at the scene took on significance. In her closing argument, defense counsel argued a lack of evidence, including an absence of DNA evidence on the copper pipe that was the object of the burglary. The prosecutor explained the lack of fingerprint and DNA evidence by pointing to the gloves “the defendant had in his possession.” Had the defense had time to follow the avenue of testimony suggested by Saunders’ report, it might have been able to show that the state’s theory about the gloves did not fit the facts of the case.
There was a discovery violation; the state disclosed the existence of the witness and her report after the expiration of the speedy trial period. The state’s responsibility for the violation was not excused because the line prosecutor was not personally aware of Saunders’ involvement in the case until just before trial; the state “is charged with constructive possession of *1170 all information and evidence in the hands of its agents, including police.” Rojas v. State, 904 So.2d 598, 600 (Fla. 5th DCA 2005). See also Tarrant v. State, 668 So.2d 223, 225 (Fla. 4th DCA 1996). The defense made the court aware of the violation. The trial court should have conducted a hearing pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971). See, e.g., Jones v. State, 32 So.3d 706, 710-11 (Fla. 4th DCA 2010). The purpose of such a hearing is “to ferret out procedural prejudice” and to “decide whether the .discovery violation prevented the aggrieved party from properly preparing for trial.” Raffone v. State, 483 So.2d 761, 763 (Fla. 4th DCA 1986).
The trial court incorrectly assumed that the defendant’s notice of expiration of speedy trial forfeited the right to further discovery. Here, the state’s discovery violation occurred after the speedy trial period had run and after the defense attorney had filed a notice of the expiration of the speedy trial time period pursuant to rule 3.191(p). After the speedy trial period has run, if a “defendant is not ready for trial because of substantial discovery violations by the state which materially impede the defense’s preparation,” a defendant may secure a continuance without giving up speedy trial rights. Von Waldner v. State, 860 So.2d 1061, 1063 (Fla. 5th DCA 2003). Under these circumstances, during the time periods of rule 3.191(p)(3), a “defendant should not have to choose between the right to a speedy trial and the right to discovery within sufficient time to adequately prepare for trial.” Vega v. State, 778 So.2d 505, 506 (Fla. 3d DCA 2001). Had the court conducted a Richardson hearing, it was authorized to “continue the case and charge it to the state even if it resulted in a later dismissal for violation of the speedy trial rule.” Staveley v. State, 744 So.2d 1051, 1053 (Fla. 5th DCA 1999). Faced with the prospect of such a dismissal, the state may have offered to secure the attendance of the lab technician before the rule 3.191(p)(3) ten-day trial period expired.
There is a reasonable possibility that the defendant’s trial preparation or strategy would have been materially different had the violation not occurred, so the failure to hold the Richardson hearing is not a harmless error. See State v. Schopp, 653 So.2d 1016, 1020 (Fla.1995).
We therefore reverse and remand for a new trial preceded by a Richardson hearing.
POLEN and LEVINE, JJ., concur.