FRANK, Judge.
The appellant challenges convictions for cocaine possession, resisting arrest without violence, opposing or obstructing an officer without violence, and simple battery. We have considered and reverse each of the convictions and direct the conduct of a new trial.
The state did not reveal a rebuttal witness who, over appellant’s objection, testified and contradicted an aspect of the appellant’s testimony. The identity of rebuttal witnesses is not excepted from the state’s discovery obligation prescribed in Florida Rule of Criminal Procedure 3.220(b). Ratcliff v. State, 561 So.2d 1276 (Fla. 2d DCA 1990). The trial court’s inquiry into the circumstances surrounding the state’s non-compliance with the discovery rules was inadequate. In that circumstance, Richardson v. State, 246 So.2d 771 (Fla.1971), requires reversal of the conviction. Ratcliff. Moreover, even in the absence of a timely objection, a per se basis *961 for reversal arises from failure to fulfill the Richardson requirement. Lee v. State, 538 So.2d 63 (Fla. 2d DCA 1989).
We are not persuaded by the state’s contention that the undisclosed rebuttal witness’s testimony was not prejudicial. Potts v. State, 403 So.2d 443 (Fla. 2d DCA 1981). Had the appellant been able to anticipate such testimony, his preparation for trial might have proceeded differently.
Accordingly, we reverse the conviction and remand this matter for a new trial.
SCHOONOVER, C.J., and DANAHY, J., concur.