DAVIS, Judge.
 

 Astor Burpee Henry was convicted of one count of possession of cocaine with intent to deliver within 1000 feet of a
 
 *329
 
 church and was sentenced to twenty years in prison. He challenges his conviction by alleging entitlement to a new trial based on four trial court errors he claims occurred. We agree that the trial court committed reversible error by failing to conduct a Richardson
 
 [1]
 
 hearing and that Henry is entitled to a new trial as a result of this error.
 

 Henry’s convictions resulted from an undercover drug operation using a confidential informant. The confidential informant called and asked Henry to deliver $950 of cocaine to her hotel room. The transaction involved a series of telephone calls with Henry, some of which were recorded and all of which were listened to by the officers present. Henry and two other men arrived at the hotel. Henry was driving a truck owned by one of the passengers. Once Henry was detained and the truck was searched, a large quantity of cocaine was found wedged between the bed of the truck and the bed liner.
 

 The officers involved in the undercover operation testified at trial. Each officer was listed as a category A witness by the State.
 
 See
 
 Fla. R.Crim. P. 3.220(b)(l)(A)(i) (2005) (including as category A witnesses eye witnesses, investigating officers, and those present for recorded and unrecorded statements made by the defendant). Just prior to trial, the State sought to qualify Officer Tamboe as an expert witness based on his field experience as a member of a drug unit. Henry objected, arguing that Officer Tamboe was not listed as an expert during discovery. The trial court overruled the objection, determining that the State should have an opportunity to lay the foundation with regard to the officer’s qualifications as an expert. When Henry’s counsel tried to renew the objection to the testimony during trial, the trial court overruled the objection. Henry claims on appeal that the trial court erred when it failed to conduct a
 
 Richardson
 
 hearing where the State had not given the required notice that Officer Tamboe would be testifying as an expert.
 

 Under the version of rule 3.220(b)(l)(A)(i) in effect at the time of Henry’s trial, designating a witness as an expert witness at trial required listing that witness as such in pretrial discovery.
 
 See Luis v. State,
 
 851 So.2d 773, 775 (Fla. 2d DCA 2003). Merely listing the witness as a category A witness did not satisfy the plain language of the rule.
 
 Id.
 
 Failure to include the expert designation in pretrial discovery constituted a discovery violation,
 
 [2]
 
 requiring the trial court to conduct a
 
 Richardson
 
 hearing “to determine whether the ... discovery violation was (1) inadvertent or willful, (2) trivial or substantial, and (3) prejudicial to ... trial preparation.”
 
 Luis,
 
 851 So.2d at 776.
 

 In the instant case, it is undisputed that Officer Tamboe was only listed as a category A witness. Once the State sought to qualify Officer Tamboe as an expert witness and the defense objected to the discovery violation, the trial court should have conducted a
 
 Richardson
 
 hearing.
 
 [3]
 
 The trial court’s failure constitutes a
 
 *330
 
 reversible error unless the error can be shown to be harmless.
 
 See State v. Schopp,
 
 653 So.2d 1016, 1020 (Fla.1995) (“In determining whether a
 
 Richardson
 
 violation is harmless, the appellate court must consider whether there is a reasonable possibility that the discovery violation procedurally prejudiced the defense.”). Absent a clear showing of lack of procedural prejudice, the State has not met the burden of proof required to deem this error harmless.
 
 See id.
 
 Henry’s counsel was not allowed to complete his argument to the trial court, and we have no indication of whether he had planned another defense or trial strategy prior to the court’s ruling. “As we are bound to consider every conceivable course of action in assessing procedural prejudice, we cannot find the error harmless.”
 
 Flores v. State,
 
 872 So.2d 441, 443 (Fla. 4th DCA 2004) (citation omitted) (internal quotation marks omitted).
 

 We reverse Henry’s judgment because the trial court erred by failing to conduct a
 
 Richardson
 
 hearing when the State sought to designate Officer Tamboe as an expert despite failing to list him as such in pretrial discovery. We remand the matter for a new trial because the record does not conclusively show that the error was harmless. Reversing on this basis renders Henry’s remaining claims moot, and so we need not address them.
 

 Reversed and remanded.
 

 KELLY and KHOUZAM, JJ„ Concur.
 

 [1]
 

 .
 
 Richardson v. State,
 
 246 So.2d 771 (Fla.1971).
 

 [2]
 

 . We note that the 2010 version of rule 3.220(b)(l)(A)(i), effective January 1, 2010, adds expert witnesses who are going to testify as a type of category A witness. Had this amended version of the rule been effective at the time of Henry’s trial, the listing of Officer Tamboe as a category A witness may have been sufficient to allow the State to qualify him as an expert without a
 
 Richardson
 
 hearing.
 

 [3]
 

 .In its initial brief, the State argues that the failure to list Officer Tamboe as an expert was not a discovery violation because his testimony was not that of an expert.
 
 Luis
 
 does not address whether every officer who testifies based on field experience must be qualified as
 
 *330
 
 an expert, and such a determination is not an issue before this court in the instant case because in both
 
 Luis
 
 and the instant case, the State affirmatively indicated intent to qualify a testifying officer as an expert despite never having designated him as an expert in pretrial discovery.
 
 See Luis,
 
 851 So.2d 773.