SUAREZ, J.
On the Court’s own motion we withdraw the prior opinion issued March 30, 2011 and substitute the following in its place.
T.J., the juvenile defendant, seeks to reverse his adjudication of delinquency and commitment. We reverse and remand for a new adjudicatory hearing.
T.J. was charged by amended petition for delinquency with burglary of an unoccupied dwelling, third degree grand theft and criminal mischief. On the morning of the adjudicatory hearing, the State listed two new witnesses: Officer Antenor, the crime scene investigator, and Officer Sumner, the latent fingerprint analyst and expert witness. The defense objected to their classification as “B” witnesses and the late submission of them as witnesses. The trial court agreed with the State’s classification of them as “B” witnesses and allowed them to testify. The court adjudicated T.J. delinquent and committed him to the Department of Juvenile Justice for placement at a moderate risk facility followed by conditional release.
The State admits that its late submission of the two testifying witnesses was error but argues that the error is harmless because the defense had the names of both witnesses in a supplemental discovery report. We disagree. The State’s failure to strictly comply with Florida Rule of Juvenile Procedure 8.060(a)(2)[1] is not harmless as these witnesses were key State witnesses with direct and relevant knowledge of the investigation. Furthermore, pursuant to Florida Rule Juvenile Procedure 8.060, both of these witnesses should have been classified as “A” witnesses; Detective Antenor was the crime scene investigator and Officer Sumner testified as an expert witness fingerprint analyst. See supra n. 1. The rule’s strict requirement of listing the names of “A” witnesses is not satisfied by having the names included in reports as was argued by the State. As “A” witnesses, the defense was entitled to take their depositions.
*977 When a discovery violation occurs, the trial court is required to hold a Richardson[2] inquiry. The trial court failed to hold an adequate Richardson inquiry in this case upon the State’s admittedly late disclosure of the two witnesses on the day of the adjudicatory hearing. The court failed to inquire whether the discovery violation was willful or inadvertent, whether it was substantial or trivial, and whether the violation had a prejudicial effect on the defense’s trial preparation. See Richardson, 246 So.2d at 775. We cannot say beyond a reasonable doubt that no prejudice to the defense resulted from this discovery violation, and therefore the trial court’s failure to make an adequate inquiry is not harmless error. See State v. Schopp, 653 So.2d 1016 (Fla.1995). We reverse T.J.’s adjudication of delinquency and remand for a new adjudicatory hearing.
Reversed and remanded for further proceedings consistent with this opinion.

. Fla. R. Juv. P. 8.060(a)(2): Within 5 days of service of the child's notice of discovery, the petitioner shall serve a written discovery exhibit which shall disclose to the child or the child’s counsel and permit the child or the child’s counsel to inspect, copy, test, and photograph the following information and material within the petitioner’s possession or control:
(A) A list of the names and addresses of all persons known to the petitioner to have information which may be relevant to the allegations, to any defense with respect thereto, or to any similar fact evidence to be presented at trial under section 90.402(2), Florida Statutes. The names and addresses of persons listed shall be clearly designated in the following categories:
(i) Category A. These witnesses shall include
[[Image here]]
(d) investigating officers;
[[Image here]]
(g) expert witnesses who have not provided a written report and a curriculum vitae or who are going to testify to test results or give opinions that will have to meet the test set forth in Frye v. United States, 293 F. 1013 (D.C.Cir.1923).

. Richardson v. State, 246 So.2d 771 (Fla.1971). The supreme court enunciated the following test to determine whether a Richardson violation is harmless, i.e., whether there is a reasonable possibility that the discovery violation procedurally prejudiced the defense:
[T]he defense is procedurally prejudiced if there is a reasonable possibility that the defendant’s trial preparation or strategy would have been materially different had the violation not occurred. Trial preparation or strategy should be considered materially different if it reasonably could have benefited the defendant. In making this determination every conceivable course of action must be considered. ‘ If the reviewing court finds that there is a reaspnable possibility that the discovery violation prejudiced the defense or if the record is insufficient to determine that the defense was not materially affected, the error must be considered harmful. In other words, only if the appellate court can say beyond a reasonable doubt that the defense was not procedurally' prejudiced by the discoveiy violation can the error be considered harmless.
Schopp, 653 So.2d at 1020-21.