POLEN, J.
 

 Appellant, Kevin Thomas, appeals the order of the trial court, adjudicating him guilty of possession of cocaine with intent to sell, and sentencing him to six years in prison. We reverse and remand for a new trial.
 

 This ease involves a discovery violation regarding the testimony of the State’s witness Detective Tianga, who arrested Thomas for possession of cocaine with intent to sell pursuant to a search warrant, obtained based on information given by an informant. Defense counsel initially objected to Tianga testifying as an expert in street level narcotics during the State’s direct examination of Tianga, arguing that the State failed to list Tianga as an expert. At a sidebar conference, the State admitted that it had not listed Tianga as an expert, and listed him only as a Category A witness in discovery. The trial judge then stated that he was going to conduct a Richardson
 
 [1]
 
 inquiry and asked defense counsel: “Tell me why that would have prejudiced you.” Defense counsel stated that he was prejudiced because if he had known, he would have had the opportunity to present his own expert to testify that the packaging of the drugs could be consistent with personal use. The trial judge then told defense counsel, “You could always call in any witness you want to show that it’s not packaged for sale, that it was packaged for personal use.” Defense counsel asked that if the court determined that it was not a
 
 Richardson
 
 violation, that he be allowed to provide the State with a list of witnesses that he might choose to call to rebut the State’s expert’s testimony. The trial judge said he would allow that, and then if the State was not prejudiced, the defense expert would be allowed to testify. The trial judge concluded that “maybe there was a violation here, but it shouldn’t be prejudicial to the defense” and proceeded to allow Tianga to testify as an expert. The State then tendered Tian-ga as an expert in street level narcotics. The court asked: “Any objection?” and defense counsel responded: “No.” Tianga then testified that, in his expert opinion, the drugs were packaged for sale and were not for personal use. The jury returned a guilty verdict. This appeal followed.
 

 
 *58
 
 On appeal, Thomas argues that the trial court reversibly erred by failing to make an adequate
 
 Richardson
 
 inquiry. Specifically, Thomas argues that the trial court only addressed the issue of what the prejudice was to Thomas, without considering whether the violation was inadvertent or willful, or trivial or substantial. Additionally, Thomas argues that the trial court further erred by relieving the State of its burden of disproving procedural prejudice on the discovery issue, and shifting the burden of proving prejudice to Thomas. The State argues that Thomas did not preserve the issue for appeal, and that even if he did, the trial court granted the remedy which Thomas requested and Thomas did not object to the adequacy of the remedy in the trial court.
 

 “Where a defendant fails to timely object to a discovery violation or to request a
 
 Richardson
 
 hearing, the defendant does not preserve the point for appellate review.”
 
 Major v. State,
 
 979 So.2d 243, 244 (Fla. 3d DCA 2007) (citing
 
 Celestine v. State,
 
 717 So.2d 205, 206 (Fla. 5th DCA 1998)). However, “[t]here are no exact ‘magic words’ or phrases which must be used by the defense in order to necessitate the
 
 [Richardson
 
 ] inquiry; only the fact that a discovery request has not been met.”
 
 Jones v. State,
 
 32 So.3d 706, 710 (Fla. 4th DCA 2010) (citing
 
 Smith v. State,
 
 7 So.3d 473, 506 (Fla.2009)). “Once a trial court has notice of a discovery violation, the court must conduct a
 
 Richardson
 
 hearing to inquire about the circumstances surrounding the state’s violation of the discovery rules and examine the possible prejudice to the defendant.”
 
 Jones,
 
 32 So.3d at 710.
 

 Based on defense counsel’s initial objection, the side-bar conversation regarding the discovery violation, and defense counsel’s notification to the trial court that the State did not list Tianga as an expert, all while Tianga was on the witness stand, we hold that Thomas timely objected to the State’s discovery violation, thus preserving the issue on appeal.
 
 See Picket v. State,
 
 32 So.3d 638, 639-40 (Fla. 4th DCA 2009)(finding preservation of alleged discovery violation when raised on the first day of trial);
 
 Jones,
 
 32 So.3d at 709-10 (finding preservation of alleged discovery violation when raised before the state’s direct examination);
 
 State v. Evans,
 
 770 So.2d 1174, 1182 (Fla.2000) (finding preservation of alleged discovery violation when raised during the state’s direct examination);
 
 Smith v. State,
 
 7 So.3d 473, 505-06 (Fla.2009) (finding preservation of alleged discovery violation when raised after the state’s direct examination); and
 
 Powell v. State,
 
 912 So.2d 698, 700-01 (Fla. 2d DCA 2005) (finding preservation of alleged discovery violation when raised during cross-examination). Although the trial judge asked if there were any objections when the State tendered Tianga as an expert, and defense counsel said “no,” this exchange occurred a mere ten pages later in the transcript of the proceeding. Thus, since the judge was aware of defense counsel’s initial objection, it would have been futile for defense counsel to object again, on the same grounds, minutes later. The record demonstrates that defense counsel brought the issue to the trial court’s attention during the State’s direct examination. At this point, it was the trial court’s duty to conduct a
 
 Richardson
 
 inquiry, as it was notified of a possible discovery violation.
 

 Finally, we find no merit in the State’s argument that Thomas waived the issue by accepting the trial court’s remedy of allowing the defense to provide the State with a list of witnesses to call to rebut Tianga’s testimony. The record clearly reflects that defense counsel was not arguing that this was the remedy for the discovery violation. Instead, defense
 
 *59
 
 counsel was arguing that
 
 if
 
 the trial court found there was no discovery violation, defense counsel would like to have the opportunity to try to find an expert to testify. Because the trial court never conclusively ruled on whether there was in fact a discovery violation, nor did it even touch on the other two issues in a
 
 Richardson
 
 inquiry, it cannot be said that Thomas accepted this remedy, which the trial court and defense counsel understood was conditional upon the finding of a violation.
 

 The State must disclose “expert witnesses who have not provided a written report and a curriculum vitae or who are going to testify to test results or give opinions that will have to meet the test set forth in
 
 Frye v. United States,
 
 293 F. 1013 (D.C.Cir.1923).” Fla. R.Crim. P. 3.220(b)(l)(A)(i)(7) (2009). Failing to list a witness as an expert, even when the witness is listed as a Category A witness, is a discovery violation.
 
 Luis v. State,
 
 851 So.2d 773, 775-76 (Fla. 2d DCA 2003).
 

 “A
 
 Richardson
 
 hearing is required when there is a
 
 ‘possible
 
 discovery violation in order to flesh out whether there has indeed been a discovery violation.”
 
 Landry v. State,
 
 931 So.2d 1063, 1065 (Fla. 4th DCA 2006) (emphasis in original). In conducting a
 
 Richardson
 
 hearing, the trial court must inquire as to whether the violation (1) was willful or inadvertent; (2) was substantial or trivial; and (3) had a prejudicial effect on the aggrieved party’s trial preparation.”
 
 State v. Evans,
 
 770 So.2d 1174, 1183 (Fla.2000). Regarding the third factor:
 

 [T]he defense is procedurally prejudiced if there is a reasonable possibility that the defendant’s trial preparation or strategy would have been materially different had the violation not occurred. Trial preparation or strategy should be considered materially different if it reasonably could have benefited the defendant.
 

 State v. Schopp,
 
 653 So.2d 1016, 1020 (Fla.1995).
 

 Thus, the harmless error standard for a State discovery violation does not focus on the discovery violation’s effect on the verdict; instead, the inquiry is whether there is a reasonable possibility that the discovery violation materially hindered the defendant’s trial preparation or strategy.
 
 Scipio v. State,
 
 928 So.2d 1138, 1149-50 (Fla.2006). Although “the trial court has discretion to determine whether a discovery violation would result in harm or prejudice to the defendant, ‘the court’s discretion can be properly exercised
 
 only after the court has made an adequate inquiry
 
 into all of the surrounding circumstances.’ ”
 
 Barrett v. State,
 
 649 So.2d 219, 222 (Fla.1994) (citing
 
 Richardson,
 
 246 So.2d at 775) (emphasis added). Finally, imposing the burden on the defendant to demonstrate prejudice instead of determining the circumstances of the discovery violation and requiring the State to demonstrate lack of prejudice to the defendant, does not satisfy the procedure contemplated by
 
 Richardson. See In Interest of J.B.,
 
 622 So.2d 1175 (Fla. 4th DCA 1993).
 

 In
 
 Henry v. State,
 
 42 So.3d 328 (Fla. 2d DCA 2010), the State sought to qualify a police officer, who was listed as a Category A witness, as an expert witness based on his field experience as a member of a drug unit. Henry objected, arguing that Officer Tamboe was not listed as an expert during discovery.
 
 Id.
 
 The trial court overruled the objection, determining that the State should have an opportunity to lay the foundation with regard to the officer’s qualifications as an expert.
 
 Id.
 
 On review, the Second District held that Henry was entitled to a new trial as the trial court committed reversible error by failing to conduct a
 
 Richardson
 
 hearing.
 
 Id.
 
 The
 
 *60
 
 court reasoned that under the version of rule 3.220(b)(l)(A)(i) in effect at the time of Henry’s trial,
 
 [2]
 
 designating a witness as an expert witness at trial required listing that witness as such in pretrial discovery.
 
 Id.
 
 Merely listing the witness as a category A witness did not satisfy the plain language of the rule.
 
 Id.
 
 Because it was undisputed that the officer was listed only as a Category A witness, the court reasoned that once the State sought to qualify the officer as an expert, and the defense objected to the discovery violation, the trial court should have conducted a
 
 Richardson
 
 hearing.
 
 Id.
 
 The court remanded for a new trial because the record did not
 
 conclusively
 
 show that the error was harmless.
 
 Id.
 
 at 830.
 

 Based on the foregoing, we hold that upon being notified by Thomas of an alleged discovery violation, the trial court was required to conduct a
 
 Richardson
 
 inquiry. Although the trial court has discretion to determine whether a discovery violation would result in prejudice to the defendant, the court’s discretion can be properly exercised only after the court has made an adequate inquiry into all of the surrounding circumstances.
 
 Barrett,
 
 649 So.2d at 222. Here, the trial court never determined whether the violation was willful or inadvertent or if it was trivial or substantial. Thus, the trial court did not make an adequate inquiry into all of the surrounding circumstances. Further, because the trial court did not require the State to demonstrate the lack of procedural prejudice, and instead only inquired of defense counsel how he would be prejudiced, the
 
 Richardson
 
 inquiry was inadequate. Finally, the record does not support the State’s contention that Thomas was not procedurally prejudiced beyond a reasonable doubt by the discovery violation. Thus, the error cannot be considered harmless.
 

 Reversed.
 

 GROSS, C.J., and DAMOORGIAN, J., concur.
 

 [1]
 

 .
 
 Richardson v. State,
 
 246 So.2d 771 (Fla.1971).
 

 [2]
 

 . The 2010 version of rule 3.220(b)(l)(A)(i), effective January 1, 2010, added expert witnesses who are going to testify as a type of category A witness. The court noted that had this amended version of the rule been effective at the time of Henry’s trial, the listing of the officer as a category A witness may have been sufficient to allow the State to qualify him as an expert without a
 
 Richardson
 
 hearing.
 
 Henry,
 
 42 So.3d at 329.