IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RYAN DEBORD,

        Appellant,

v.

STATE OF FLORIDA,

        Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D12-6067

Opinion filed December 9, 2014.

An appeal from an order of the Escambia County Circuit Court.
Jan Shackelford, Judge.

Nancy A. Daniels, Public Defender, and Pamela D. Presnell, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Wesley Cross Paxson, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      Appellant, Ryan DeBord, appeals his judgments and sentences for sexual battery

and lewd and lascivious molestation on grounds that the trial court abused its discretion

by allowing the testimony of two undesignated expert witnesses for the State. We agree, and reverse and remand for a new trial.

Everyone agrees in this case that the State violated Florida Rule of Criminal Procedure 3.220 by not designating its expert witnesses in discovery. The parties also agree that the trial court failed to conduct an adequate <u>Richardson</u> hearing. We conclude that the trial court also abused its discretion by deciding summarily that the State's discovery violation was a harmless, technical one. The Florida Supreme Court has established a very high bar for excusing discovery violations by the State:

> [W]here the State commits a discovery violation, the standard for deeming the violation harmless is extraordinarily high. A defendant is presumed to be procedurally prejudiced "if there is a reasonable [possibility] that the defendant's trial preparation or strategy would have been materially different had the violation not occurred."

<u>Cox v. State</u>, 819 So. 2d 705, 712 (Fla. 2002) (quoting <u>State v. Schopp</u>, 653 So.2d 1016, 1020 (Fla. 1995)); <u>see also</u> <u>Scipio v. State</u>, 928 So. 2d 1138, 1149-50 (Fla. 2006). In this case, there seems a reasonable possibility that Appellant would have altered his trial preparation or strategy had the State disclosed its intent to obtain expert testimony from these witnesses prior to the eve of trial. In fact, Appellant's counsel told the trial court that he would have deposed both expert witnesses and possibly procured his own expert. Under these circumstances, we cannot conclude beyond a reasonable doubt that Appellant was not procedurally prejudiced by the State's discovery violation. <u>See</u> <u>Henry v. State</u>, 42 So. 3d 328 (Fla. 2d DCA 2010). Thus, we

reverse and remand for a new trial. See Curry v. State, 1 So. 3d 394, 399 (Fla. 1st DCA 2009). In view of this result, we need not address Appellant's other argument.

REVERSED and REMANDED for a new trial.

BENTON, CLARK, and OSTERHAUS, JJ., CONCUR.