DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JERRY WARD,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-417

[May 27, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara McCarthy, Judge; L.T. Case No. 09-004216 CF10A.

Carey Haughwout, Public Defender, and Nan Ellen Foley, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

Jerry Ward appeals from his convictions and sentences for trafficking in cocaine by possession of 200 grams or more but less than 400 grams of cocaine, possession of alprazolam, possession of cannabis, possession of drug paraphernalia, and resisting an officer without violence. Because the trial court erred by not addressing an alleged state discovery violation, reversal is required.

During the execution of a search warrant, Detective Todd Hill observed Ward climbing out of the window of a house where a trove of drugs was confiscated. Ward fled the scene but was transported to the hospital after an officer restrained him by taser. The search also uncovered more than $8,000 in cash. Much of the cash was made up of small denomination bills – twenties, tens, and fives.

Prior to trial, the state filed its discovery exhibit. Detective Melvin Burroughs was listed as a Category A witness but not designated as an expert. In the portion of the exhibit entitled "Reports or statements of

experts," the state provided the following:

> Yes. Chemists Lab #09-6247, Ballistics Lab #09-6178 (Additional Testing To Be Done By Chemists Before And/Or During Trial), Firearms, Fingerprints, Handwriting, Medical, and *Listed Police Officers*.
>
> The curriculum vitae for any Category B expert witness is available for inspection upon request.

(Emphasis added).

Two crime lab employees were listed as category B witnesses; Burroughs was not.

Prior to trial, defense counsel moved for and was able to secure an order in limine excluding evidence of the usual practices of drug dealers. Deep into trial and notwithstanding the pre-trial order of exclusion, the state sought to have Detective Burroughs treated as an expert on street-level narcotics and the modus operandi of street-level drug dealers. Defense counsel objected, arguing that—because of the pre-trial non-disclosure—he did not know Burroughs would be testifying as an expert. He pointed out that the state did not list Burroughs as an expert witness, and thereupon defense counsel requested a hearing pursuant to *Richardson v. State*, 246 So. 2d 771 (Fla. 1971).

The state argued it complied with its discovery obligation, as "Listed Police Officers" were recited in the portion of the state's discovery exhibit disclosing "Reports or statements of experts." With minimal discussion, the trial court agreed with the state that there was no discovery violation, and ruled that Burroughs could testify as an expert. Burroughs took the stand and testified that the small denominations of the cash found in the house were consistent with street-level drug sales.

We have elaborated on a trial court's role when a discovery violation has been alleged: If there is a possibility of a discovery violation, "the trial court must inquire as to whether the violation (1) was willful or inadvertent; (2) was substantial or trivial; and (3) had a prejudicial effect on the aggrieved party's trial preparation." *Thomas v. State*, 63 So. 3d 55, 59 (Fla. 4th DCA 2011) (citation and quotation marks omitted). Further,

> Where a discovery violation has occurred, the failure to conduct a *Richardson* hearing is not per se reversible error, but rather is subject to a harmless error analysis.

2

> *See State v. Schopp*, 653 So. 2d 1016, 1020–21 (Fla. 1995). The relevant inquiry is "whether there is a reasonable possibility that the discovery violation 'materially hindered the defendant's trial preparation or strategy.'" *Scipio v. State*, 928 So. 2d 1138, 1150 (Fla. 2006). . . . An analysis of procedural prejudice "considers how the defense might have responded had it known about the undisclosed piece of evidence and contemplates the possibility that the defense could have acted to counter the harmful effects of the discovery violation." *Scipio*, 928 So. 2d at 1149.

*Kipp v. State*, 128 So. 3d 879, 883 (Fla. 4th DCA 2013) (quoting *Durrance v. State*, 44 So. 3d 217, 221 (Fla. 2010)).

The required focus is on how the defense might have responded and not on whether the undisclosed evidence affected the verdict. *Scipio*, 928 So. 2d at 1149. The state's burden to show the discovery violation is harmless is "extraordinarily high." *Hicks v. State*, 45 So. 3d 518, 524 (Fla. 4th DCA 2010) (quoting *Cox v. State*, 819 So. 2d 705, 712 (Fla. 2002)). "'[T]he vast majority of cases' will not have a record sufficient to support a finding of harmless error . . . ." *Scipio*, 928 So. 2d at 1148 (quoting *Schopp*, 653 So. 2d at 1021).

The version of the discovery rule in effect when the state filed its exhibit required the state to disclose Category A witnesses, including "expert witnesses who have not provided a written report and a curriculum vitae or who are going to testify to test results or give opinions that will have to meet the test set forth in *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923)." Fla. R. Crim. P. 3.220(b)(1)(A)(i) (2009). Any other experts were required to be disclosed as Category B witnesses. *See* Fla. R. Crim. P. 3.220(b)(1)(A)(ii) (2009) (requiring disclosure of "[a]ll witnesses not listed in either Category A or Category C.")[1]

However, in 2010, while the trial in this case was pending, the rule was amended to delete language at the end of the provision regarding Category A expert witnesses. The rule now requires disclosure of "expert witnesses who have not provided a written report and a curriculum vitae or who are going to testify." Fla. R. Crim. P. 3.220(b)(1)(A)(i) (2010).

---

[1] Category C witnesses are "witnesses who performed only ministerial functions or whom the prosecutor does not intend to call at trial and whose involvement with and knowledge of the case is fully set out in a police report or other statement furnished to the defense." Fla. R. Crim. P. 3.220(b)(1)(A)(iii) (2009).

Here, the state listed Detective Burroughs as a Category A witness but did not designate him as an expert. Our cases have made it clear that under either version of the rule, designation as an expert is required. *See Kipp*, 128 So. 3d at 881 (applying amended version of the rule and finding that it is not sufficient to list an expert witness as a Category A witness, and that the state has to "indicate that the witness will testify as an expert"); *Thomas*, 63 So. 3d at 59 (applying former version of rule and finding that "[f]ailing to list a witness as an expert, even when the witness is listed as a Category A witness, is a discovery violation"); *see also Kearse v. State*, 770 So. 2d 1119, 1127 (Fla. 2000) (recognizing that rule 3.220 "imposes obligations on both parties, including a list of expert witnesses").

We recognize that our sister court has opined in dicta that under the amended version of the rule, it may be enough to list an officer who will testify as an expert as a Category A witness, even without designating the witness as an expert. *See Henry v. State*, 42 So. 3d 328, 329 n.2 (Fla. 2d DCA 2010). We disagree. First, it does not appear that the decisions in the pre-amendment cases hinged on the language of rule 3.220(b)(1)(A)(i) that has since been deleted. Second, we note that to read the amended rule as permitting the state to list expert witnesses without designating them as such would go against the very purpose and spirit of discovery rules. As the Florida Supreme Court has explained:

> Florida's criminal discovery rules are designed to prevent surprise by either the prosecution or the defense. Their purpose is to facilitate a truthful fact-finding process. . . .
>
> This Court has held that the chief purpose of our discovery rules is to assist the truth-finding function of our justice system and to avoid trial by surprise or ambush.
>
> Because full and fair discovery is essential to these important goals, we have repeatedly emphasized not only compliance with the technical provisions of the discovery rules, but also adherence to the purpose and spirit of those rules in both the criminal and civil context.

*Scipio*, 928 So. 2d at 1144 (internal citations and quotation marks omitted).

We find that the state's reference to "Listed Police Officers" in the portion of the exhibit related to reports or statements of experts was

wholly insufficient to bring the state in compliance with its discovery obligation regarding the designation of Detective Burroughs as an expert witness.

Here, Burroughs' testimony was brief. Even so, the state has an "extraordinarily high" burden in establishing that a discovery violation is harmless. On this record, we cannot say beyond a reasonable doubt that Ward was not procedurally prejudiced by the discovery violation. *See Schopp*, 653 So. 2d at 1021 ("[O]nly if the appellate court can say beyond a reasonable doubt that the defense was not procedurally prejudiced by the discovery violation can the error be considered harmless.").

Accordingly, we have no choice but to reverse and remand for a new trial.

*Reversed and remanded for new trial.*

STEVENSON and KLINGENSMITH, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**