IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TERRY BESS,

        Appellant,

 v.                                               Case No.  5D15-3295

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed January 13, 2017

Appeal from the Circuit Court
for Orange County,
Jenifer M. Davis, Judge.

James S. Purdy, Public Defender, and
Robert J. Pearce III, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marjorie Vincent-Tripp,
Assistant Attorney General, Daytona
Beach, for Appellee.

PALMER, J.

      Terry Bess (the defendant) appeals his judgment and sentence, entered by the

trial court after a jury found him guilty of committing a lewd or lascivious battery. Because

the State properly concedes that the trial court erred in failing to conduct a Richardson[1]

_____

[1] Richardson v. State, 246 So. 2d 771 (Fla. 1971) (providing that, when a discovery
violation is alleged, the trial court must determine if a violation occurred and, if so, whether
it was inadvertent and not prejudicial to the preparation of the defense).

hearing, and the record does not establish that the error was harmless, we reverse and remand for a new trial.

We summarized the law relevant to Richardson violations: When a defendant elects to participate in the discovery process, the State has an ongoing duty to disclose and provide discovery and, when the State fails to comply with the rules of discovery, the court must conduct a Richardson hearing. Stimus v. State, 886 So. 2d 996, 007 (Fla. 5th DCA 2004)(citing Acosta v. State, 856 So. 2d 1143 (Fla. 4th DCA 2003)). The purpose of the hearing is to determine whether the State's failure prejudiced the defendant. Id. at 998. Importantly, in circumstances where the trial court improperly fails to conduct a hearing, such failure can constitute harmless error if the appellate court can ascertain, beyond a reasonable doubt, that there is no reasonable possibility that the defendant's trial preparation or strategy would have been materially different had the violation not occurred. Id.; accord Elmer v. State, 140 So. 3d 1132, 1139 (Fla. 5th DCA 2014).

The defendant contends that the trial court reversibly erred by permitting the sexual assault nurse examiner, who examined the victim, to submit expert testimony during trial because the court was on notice that the State had committed a discovery violation by not listing the nurse as an expert witness. The State properly concedes that a discovery violation occurred and that the trial court erred by failing to conduct a Richardson hearing. The State also properly concedes that the trial court erred by permitting the State, over defense counsel's Richardson objection, to present the nurse as an expert witness and to elicit opinion testimony from her.  However, the State argues that such error was harmless. We disagree.

The State's burden to show that a discovery violation was harmless is "extraordinarily high." Hicks v. State, 45 So. 3d 518, 524 (Fla. 4th DCA 2010) (quoting Cox v. State, 819 So. 2d 705, 712 (Fla. 2002)). "Although the failure to conduct a Richardson hearing is not per se reversible error, see [State] v. Schopp, 653 So. 2d [1016,] 1020 [(Fla. 1995)], harmful error is presumed when a Richardson inquiry is not conducted." Portner v. State, 802 So. 2d 442, 446 (Fla. 4th DCA 2001) (citing Mobley v. State, 705 So. 2d 609, 611 (Fla. 4th DCA 1997)).

> If the reviewing court finds that there is a reasonable possibility that the discovery violation prejudiced the defense or if the record is insufficient to determine that the defense was not materially affected, the error must be considered harmful. In other words, only if the appellate court can say beyond a reasonable doubt that the defense was not procedurally prejudiced by the discovery violation can the error be considered harmless.

Schopp, 653 So. 2d at 1020-21.

On this record, it cannot be said that, beyond a reasonable doubt, the defendant was not procedurally prejudiced by the State's discovery violation. The nurse offered expert opinion testimony establishing that the lack of vaginal injury is not unusual in rape cases. Since the defendant's theory of the case was that the lack of injury to the victim's vagina proved that a crime did not occur, there is a reasonable possibility that the discovery violation materially hindered the defendant's trial preparation and/or strategy. Accordingly, the defendant's judgment and sentence are reversed and this matter is remanded for a new trial. See Ward v. State, 165 So. 3d 789 (Fla. 4th DCA 2015) (holding that trial court's failure to conduct Richardson hearing concerning State's discovery violation in not designating a detective as an expert was not harmless, even though detective's testimony was brief; appellate court could not say beyond a reasonable doubt

that defendant was not procedurally prejudiced by the discovery violation); Debord v. State, 152 So. 3d 788 (Fla. 1st DCA 2014) (holding that the State's failure to designate its expert witnesses was not harmless in trial for sexual battery and lewd and lascivious molestation where it was reasonably possible that defendant would have altered his trial preparation or strategy and that defendant would have deposed experts and possibly procured his own expert); Kipp v. State, 128 So. 3d 879 (Fla. 4th DCA 2013) (holding that discovery violation hearing was required to determine whether defendant was procedurally prejudiced by the State's nondisclosure of veterinary assistant as expert witness in defendant's trial for animal cruelty).

REVERSED and REMANDED.

SAWAYA and ORFINGER, JJ., concur.