WINSOR, J.
A jury convicted Jeffrey Millette of sexual battery by a person in a position of familial or custodial authority. On appeal, Millette contends the State’s discovery violation warrants a new trial. We conclude that it does, so we reverse.
I.
Millette’s teenage daughter told the jury that she lived with her mother but periodically visited Millette’s home. During one visit, when she was just fourteen, she woke up to find Millette on top of her, raping her. In pain and in shock, she pretended she was asleep and waited for Millette to stop. He finally did stop, and he left the room. The daughter returned as planned to her mother’s home the next day but did not immediately report the assault. A few weeks later, she told a close friend what had happened. She then reported it to her mother and her guidance counselor.[1]
Millette’s defense was that it never happened. His lawyer argued that the daughter had reasons to fabricate the whole story, that she once suggested she may have dreamed it all, and that there were still other reasons to disbelieve her testimony. Millette’s lawyer also noted that there was no physical examination afterward, arguing that a timely exam could have shed light on whether there had been abuse.
There was no physical evidence, so the case ultimately came down to whether jurors believed the child. They obviously did, which brings us to this appeal.
II.
Millette argues he is entitled to a new trial because he was prejudiced by the State’s undisclosed expert testimony. At trial, the State called a member of the State’s child-protection team who had not been disclosed as an expert. After the witness testified about her background and qualifications, the State tendered her as a medical expert. Over Millette’s objection, the court allowed the witness to testify that, in her medical opinion, a physical examination of the daughter likely would not have shown signs of sexual abuse, whether there had been abuse or not.
In arguing that the court should allow the testimony, the State insisted it was critical because without it, “some juror is going to go, oh, all you had to do was take her to a doctor and then we would know, end of case, and so it has to be not guilty.” The court agreed to allow it, but first gave Millette’s counsel the1 afternoon to depose the expert and to otherwise prepare for her testimony.
During a Richardson[2] hearing the following morning, the defense argued it was *468 prejudiced because it had no time to obtain its own expert to contradict the State’s. The court nonetheless found no prejudice and allowed the witness to testify.
III.
The State concedes there was a discovery violation. The only issue left is whether there was prejudice that requires a new trial. On this score, we have previously noted the “very high bar” for excusing the State’s discovery violations. See Debord v. State, 152 So.3d 788, 789 (Fla. 1st DCA 2014). Courts will find procedural prejudice “if there is a reasonable possibility that ’ the defendant’s trial preparation or strategy would have been materially different had the violation not occurred.” State v. Schopp, 653 So.2d 1016, 1020 (Fla. 1995).[3] After a careful review of the record, we cannot conclude there was no reasonable possibility that Millette’s trial preparation or strategy would have been materially different had the State properly disclosed its intent to introduce expert testimony. Millette is therefore entitled to a new trial. See Debord, 152 So.3d at 789; see also Bess v. State, 208 So.3d 1213, 1215 (Fla. 5th DCA 2017).
REVERSED and REMANDED for a new trial.
RAY and WINOKUR, JJ., CONCUR.

. The close friend, mother, and guidance counselor all testified at trial.

. Richardson v. State, 246 So.2d 771 (Fla. 1971).

. Florida decisions have not always used consistent language in reciting the standard, some saying "reasonable possibility” preparation or strategy would differ, and some saying "reasonable probability.” See, e.g., Dabbs v. State, — So.3d -, -, 42 Fla. L. Weekly D1310, D1310, 2017 WL 2457253 (Fla. 4th DCA June 7, 2017) ("reasonable probability”); T.J. v. State, 57 So.3d 975, 977 n.2 (Fla. 3d DCA 2011) ("reasonable possibility”). The Florida Supreme Court has been inconsistent, too, at one point misquoting itself. See, e.g., Pomeranz v. State, 703 So.2d 465, 468 (Fla. 1997) (misquoting Schopp as saying "if there is a reasonable probability that the defendant’s trial preparation or strategy would have been materially different ..,.” (emphasis added) although Schopp, 653 So.2d at 1020 said "reasonable possibility”).
To the extent there is any meaningful difference between a “reasonable possibility” and a “reasonable probability”—an interesting side issue for some other time, compare Newport News Shipbuilding & Dry Dock Co. v. NLRB, 608 F.2d 108, 111 (4th Cir. 1979) ("[W]e think that ... ‘reasonable probability' (as used by the Board), and 'reasonable possibility' (as used in decided cases) are largely synonymous. ) with Atlas Bldg. Prod. Co. v. Diamond Block & Gravel Co., 269 F.2d 950, 957 (10th Cir. 1959) (noting "the Supreme Court has deliberately adopted 'reasonable possibility' over the more positive ‘reasonable probability' to indicate the required quantum of proof”); see also Strickler v. Greene, 527 U.S. 263, 300-01, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999) (Souter, J., concurring) (noting that "reasonable possibility” and "reasonable probability” "express distinct levels of confidence” but suggesting that “it is misleading in Brady [v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)] cases to use the term 'probability,' which is naturally read as the cognate of 'probably' and thus confused with 'more likely than not’ ”); cf. also Mungin v. State, 79 So.3d 726, 738 (Fla. 2011) (highlighting "probability” and "possibility” in concluding that the materiality prong of Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) "is more defense-friendly than in a Brady claim”)—the Florida Supreme Court has established "reasonable possibility” as the standard we must apply. See Schopp, 653 So.2d at 1020. Our decision, though, would be the same whether it turned on a "reasonable possibility” or a “reasonable probability,”