# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-809
_____

KERRY WILSON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
James O. Shelfer, Judge.

December 18, 2018

M.K. THOMAS, J.

Appellant, Kerry Wilson, appeals his judgment and sentence for burglary of a dwelling with person assaulted and armed robbery with a firearm, claiming in part the trial court abused its discretion by allowing an expert witness to testify at trial for the State. We agree, reverse, and remand for a new trial.

Prior to trial, Appellant filed a Notice of Intent to rely on alibi evidence. At trial, Appellant called two witnesses who testified he was with them at a different location when the subject robbery was committed. In response, the State announced it would be calling an expert as a rebuttal witness. Appellant timely objected and argued the expert testimony was barred as the State failed to disclose the witness as an expert. The State argued that

Appellant's counsel knew of the expert, had deposed the expert before trial, and was in possession of the phone records to be referenced by the expert. Appellant's counsel clarified the witness had been previously deposed, but solely on the use of cell phone records to locate Appellant for his arrest and not for the purpose of determining his location when the robbery occurred. Ultimately, the trial court overruled Appellant's objection finding no discovery violation as "he was noted as a potential witness, this is in rebuttal, and a rebuttal witness would not even have to be disclosed. . . ." Furthermore, the trial court found because the witness was known to the State before trial, there was no "surprise." Alternatively, Appellant requested a brief continuance to allow him to re-depose the witness to address the additional investigation efforts he performed after his deposition and at the request of the State. Appellant further advised that had he known the State was calling an expert to contradict his alibi, he would have called his expert to provide testimony that the phone records were unreliable. The trial court denied the continuance.

At trial, the witness was called by the State as a phone records expert. He testified Appellant's cell phone data did not corroborate his alibi evidence, but was consistent with Appellant being at the location of the robbery at the time the robbery occurred. Over objection by Appellant, the cell phone records were introduced during his testimony.

The jury found Appellant guilty as charged on both counts. He was sentenced to life imprisonment as a prison releasee reoffender. Appellant filed a motion for new trial based on three grounds: (1) the trial court erred in failing to disclose the witness as an expert witness; (2) even if the trial court's inquiry concerning the alleged discovery violation constituted a *Richardson*[*] hearing, it was inadequate; and (3) the trial court erred in refusing to grant Appellant a brief continuance providing him an opportunity to depose the witness in his newly labeled expert capacity. At the motion hearing, Appellant's counsel advised he had incorrectly stated at trial that the State had disclosed the witness, but failed to identify him as a phone expert. Instead, a complete review of the

[*] *Richardson v. State*, 246 So. 2d 771 (Fla. 1971).

file confirmed the State had never formally disclosed the witness in any context. The witness was verbally discussed by counsel at some point before the trial, but was never included on a witness list supplied to Appellant. The State confirmed the witness was never included on any witness list, but that his identity had been verbally disclosed to Appellant's counsel before trial. The trial court denied the motion for new trial. This appeal followed.

The State concedes the expert was not disclosed during discovery, which is a violation of Florida Rule of Criminal Procedure 3.200. Rule 3.200 instructs:

> Not more than 5 days after receipt of defendant's witness list, or any other time as the court may direct, the prosecuting attorney shall file and serve on the defendant the names and addresses (as particularly as are known to the prosecuting attorney) of the witnesses the state proposes to offer in rebuttal to discredit the defendant's alibi at the trial of the cause. Both the defendant and the prosecuting attorney shall be under a continuing duty to promptly disclose the names and addresses of additional witnesses who come to the attention of either party subsequent to filing their respective witness lists as provided in this rule.

Further, Florida Rule of Criminal Procedure 3.220(b)(1)(i) requires the State to disclose both "alibi witnesses and rebuttal alibi witnesses" as well as "expert witnesses who have not provided a written report and curriculum vitae or who are going to testify." The fact that the expert was a rebuttal witness does not alter the State's obligation to disclose him as a witness to the defense. *Sharif v. State*, 589 So. 2d 960, 960 (Fla. 2d DCA 1991) ("The identity of rebuttal witnesses is not excepted from the state's discovery obligation prescribed in Florida Rule of Criminal Procedure 3.220(b).").

Here, the trial court incorrectly concluded that "a rebuttal witness would not even have to be disclosed." As explained in *Sharif*, there is no rebuttal witness exception to the witness disclosure requirements. 589 So. 2d at 960. The State counters that because Appellant knew of the witness and the subject matter of his testimony, he was not prejudiced by the discovery violation.

3

However, prior to trial, the expert's deposition was taken regarding his assistance in locating Appellant after the crime occurred so that he could be arrested on an outstanding warrant. At the time of his deposition, the expert had not analyzed the cell phone data to determine Appellant's location during the commission of the crime. It was only after the expert's deposition that further investigation was requested by the State and performed by the expert. Although Appellant may have been aware the witness was qualified to complete such an analysis, he was never put on notice that such an analysis had been undertaken or that the expert would offer testimony at trial refuting his alibi defense.

As a discovery violation occurred, the trial court was required to conduct a *Richardson* hearing. Appellant argues the trial court did not conduct an adequate *Richardson* hearing. "[W]hen a discovery violation is alleged, the standard of appellate review is whether the trial court abused its discretion in determining if a violation occurred and if so, whether it was inadvertent, and not prejudicial to the preparation of the defense." *Kipp v. State*, 128 So. 3d 879, 881 (Fla. 4th DCA 2013) (citation omitted). In the event a proper hearing was not conducted, the harmless error analysis applies. *C.D.B. v. State*, 662 So. 2d 738, 741 (Fla. 1st DCA 1995) (citing *State v Schopp*, 653 So. 2d 1016 (Fla. 1995)). The harmless error test places "the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict, or alternatively stated, that there is no reasonable possibility that the error contributed to the conviction." *State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986).

> Where the State commits a discovery violation, the standard for deeming the violation harmless is extraordinary high. A defendant is presumed to be procedurally prejudiced if there is a reasonable [probability] that the defendant's trial preparation or strategy would have been materially different had the violation not occurred.

*Debord v. State*, 152 So. 3d 788, 789 (Fla. 1st DCA 2014) (internal quotations and citations omitted).

4

In the instant case, there exists a reasonable probability Appellant would have altered his trial preparation or strategy had the State disclosed its intent to utilize expert testimony in rebuttal prior to the defense resting its case. In fact, Appellant had previously retained an expert who concluded the cell phone records were inconclusive, which would have contradicted the testimony of the State's expert. Appellant chose not to call this witness based, at least in part, on his belief the State would not be calling an expert witness in rebuttal. Allowing the State to proceed with presenting expert testimony amounted to trial by ambush. Based on the foregoing, we cannot conclude beyond a reasonable doubt that Appellant was not procedurally prejudiced by the State's discovery violation. *See Debord*, 152 So. 3d 788.

As the State has failed to meet its burden of showing the discovery error was harmless, we must reverse and remand for a new trial. *Id.* at 789.

REVERSED and REMANDED for a new trial.

WOLF and MAKAR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Michael Ufferman of the Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Kaitlin Weiss, Assistant Attorney General, Tallahassee, for Appellee.