DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____


T.M., a child,

Appellant,

v.

STATE OF FLORIDA,

Appellee.


No. 2D2023-0025

_____

May 1, 2024

Appeal from the Circuit Court for Hillsborough County; Kim Brennan, Judge.

Howard L. Dimmig, II, Public Defender, and Jami L. Chalgren, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Natalia Reyna-Pimiento, Assistant Attorney General, Tampa, for Appellee.


LABRIT, Judge.

T.M. appeals a juvenile disposition order finding him guilty of burglary of an occupied dwelling.  We reverse and remand for a new adjudicatory hearing because the trial court did not conduct a *Richardson*[1] hearing after the defense brought the State's discovery

_____

[1] *Richardson v. State*, 246 So. 2d 771 (Fla. 1971).

violation to its attention, and we cannot say beyond a reasonable doubt that the violation did not procedurally prejudice T.M.

During discovery, the State produced a police report stating that T.M. had "provided a confession" and that he had returned some of the stolen property. The police report directed the reader to "see supplement" in reference to the confession, but there was no supplement attached and none was provided to the defense in discovery. Before the adjudicatory hearing, the State disclosed its witness list identifying the author of the police report, Officer Tyler Shue, as one of its witnesses. The State also listed Officer Mollie Drenth as a witness.

The State called both officers to testify at the hearing. Officer Shue's testimony was relatively brief. He explained that he attempted to locate T.M. and prepared the warrant for T.M.'s arrest but had limited involvement in the case after that. The State called Officer Drenth next. She testified that T.M. turned himself in, after which time she placed T.M. under arrest and read him his *Miranda*[2] warnings. Officer Drenth then obtained a confession from T.M., but before she reached this point in her testimony the defense objected. The defense argued that the State committed discovery violations by not producing T.M.'s confession and by not disclosing Officer Drenth's involvement in obtaining it. The defense moved for a *Richardson* hearing on these grounds, but the State maintained that it satisfied its discovery obligations by disclosing the police report and by listing Officer Drenth on its witness list. The trial court acknowledged that the motion was a "tough one," but it denied the defense's request for a *Richardson* hearing and overruled the defense's objection to Officer Drenth's testimony.

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Officer Drenth then continued her testimony and explained that T.M. confessed while in custody. She testified that T.M. told her that "he took the stuff and he opened the window [to the dwelling] because it was unlocked and took the belongings." The trial court ultimately found T.M. guilty of burglary of an occupied dwelling. And in doing so, the trial court remarked that without Officer Drenth's testimony, T.M. "would have been prevailing in this case."

Florida Rule of Juvenile Procedure 8.060 sets forth the State's discovery obligations in juvenile cases.[3] Under subsection (a)(2)(A)(i)c, the State must include in its Category A witness list any "witnesses who were present when a recorded or unrecorded statement was taken from or made by the child," and such witnesses "shall be separately identified within" Category A. Fla. R. Juv. P. 8.060(a)(2)(A)(i)c. Relatedly, under subsection (a)(2)(C), the State must disclose "the substance of any oral statements made by the child . . . , together with the name and address of each witness to the statements." Fla. R. Juv. P. 8.060(a)(2)(C). These provisions place particular emphasis on identifying witnesses to a child's statement. And the State's mere listing of Officer Drenth on its witness list did not satisfy the plain language of the rule.

The State thus violated its discovery obligations by not separately identifying Officer Drenth as a witness to T.M.'s statement, and by not disclosing Officer Drenth's name and address with its disclosure of T.M.'s confession.[4] The trial court should have held a *Richardson* hearing to

---

[3] T.M. cites to Florida Rule of Criminal Procedure 3.220 in his brief, but rule 8.060 applies and it is materially identical for our purposes. *See M.H. v. State*, 151 So. 3d 32, 35 n.3 (Fla. 3d DCA 2014).

[4] We also question whether the State complied with its obligation to disclose the substance of T.M.'s statement by producing a police report stating that T.M. "provided a confession." But we need not decide this

3

assess the State's violation and any resulting prejudice. *See Henry v. State*, 42 So. 3d 328, 329 (Fla. 2d DCA 2010); *Luis v. State*, 851 So. 2d 773, 776 (Fla. 2d DCA 2003). Because it didn't, we must determine whether the trial court's error was harmless. *See State v. Schopp*, 653 So. 2d 1016, 1020 (Fla. 1995); *Henry*, 42 So. 3d at 329–30.

In the *Richardson* context, the harmless error inquiry focuses on "whether there is a reasonable possibility that the discovery violation procedurally prejudiced the defense." *Schopp*, 653 So. 2d at 1020. Procedural prejudice means that "there is a reasonable possibility that the defendant's trial preparation or strategy would have been materially different had the violation not occurred." *Id.* "[O]nly if [we] can say beyond a reasonable doubt that the defense was not procedurally prejudiced" can we consider the error harmless. *Id.* at 1021. And where the record is insufficient to determine prejudice, "the error must be considered harmful." *Id.* at 1020; *see also Scipio v. State*, 928 So. 2d 1138, 1148 (Fla. 2006) (" '[T]he vast majority of cases' will not have a record sufficient to support a finding of harmless error . . . ." (quoting *Schopp*, 653 So. 2d at 1021)).

T.M. submits that the record is insufficient to determine prejudice. We agree. T.M.'s trial strategy is not clear from the record, as defense counsel waived opening statements and conducted only limited cross-examination of the State's witnesses. Because we cannot determine what T.M.'s trial strategy was, we cannot say whether it would have been materially different had the State complied with its discovery obligations.

---

issue because the State otherwise violated rule 8.060 by not disclosing Officer Drenth as a witness to T.M.'s statement. We further disagree with the State's contention that the record is insufficient for us to conclude that a discovery violation occurred, as the transcript of the adjudicatory hearing provides for meaningful review.

We also find it significant that Officer Drenth's testimony was the only evidence the State presented that linked T.M. to the burglary. In this respect, Officer Drenth was more than an investigating officer; she was a direct witness to T.M.'s confession and her testimony was highly material to—if not wholly determinative of—T.M.'s guilt or innocence. Had the State disclosed Officer Drenth's involvement, the defense possibly could have taken steps to counteract her testimony, such as developing impeachment evidence, evaluating whether the confession was coerced, or potentially preparing T.M. to testify in his defense. *See M.H. v. State*, 151 So. 3d 32, 37 (Fla. 3d DCA 2014); *see also Scipio*, 928 So. 2d at 1149 ("An analysis of procedural prejudice . . . considers how the defense might have responded had it known about the undisclosed piece of evidence and contemplates the possibility that the defense could have acted to counter the harmful effects of the discovery violation."). It is unclear from the record whether these avenues were available to the defense, further precluding a finding of harmless error.

At bottom, we cannot say beyond a reasonable doubt that T.M. was not procedurally prejudiced by the State's failure to identify Officer Drenth as a witness to T.M.'s statement. We therefore cannot consider the trial court's error harmless, and we must reverse and remand for a new adjudicatory hearing.

Reversed and remanded.

SLEET, C.J., and KELLY, J., Concur.

_____

Opinion subject to revision prior to official publication.