HARRIS, Judge.
Daniel Mandracken was convicted of aggravated assault with a firearm. He contends on appeal that the court erred in not requiring a Richardson hearing based on an alleged discovery violation by the State. We disagree and affirm.
After an incident in his apartment in which Mandracken pointed a rifle at the victim (an off-duty police officer serving a three-day notice), Mandracken followed the victim outside. After the confrontation continued in the parking lot, Mandracken was finally arrested for the aggravated assault that had occurred in the apartment. Mandracken’s testimony is as follows:
Q. Did you feel that, Mr. Mandracken, that if you became involved in a physical confrontation with this person that you wouldn’t be able to defend yourself?
A. I knew that I could not confront him in a physical manner; I knew that.
* ^ * * *
Q. At some point in time outside of your apartment did you come back into contact with the deputy?
A. Yes, but he charged towards me from across the parking lot.
Q. Where were you at this point?
A. I was with Chuck standing on our side of the parking lot.
Q. And when Deputy Anderson came back over to you, what did he do?
A. He was walking and pointing in an aggressive manner. And I just stood there expecting that nothing was going to happen, that he is going to tell me a few things because he goes to school — also it was more of a loud voice speaking. However, when reached where Chuck and I were standing he reached back on my shirt, just took me back and threw me back putting me back on the front of the vehicle where I was standing at the moment. I went ahead and held him to protect myself from being damaged in any other way. As it was evident I don’t have *1221 that kind of strength to protect, to fight off — he took me across the parking lot turning me until he subdued me.
On rebuttal, the State called Ruth Chil-dress, a neighbor of Mandracken. She testified as follows:
Q. When you went to your window, did you see Mr. Mandracken?
A. Yes, I did.
Q. And what was he doing?
A. He was yelling and he was heading out toward the parking lot.
Q. And he was heading out toward the parking lot?
A. Yes.
Q. Was there anyone he was heading towards?
A. Yes.
Q. Who was he heading towards?
A. He was heading towards Officer Anderson.
Q. Did you know Officer Anderson at that time?
A. No. I did not.
Q. What was Officer Anderson wearing? A. I believe he was in uniform.
Q. Was he well in front of Mr. Mandracken?
A. Yes.
Q. Was he doing anything to antagonize Mr. Mandracken?
A. Not that I am aware of.
[Objection sustained.]
Q. Would you describe the way, what the officer was doing at that time you saw Mr. Mandracken?
A. It looked like he was trying to reason with him, trying to calm him down.
* * * * * *
Q. What was Mr. Mandracken doing at that point?
A. He was yelling and screaming, coming towards him.
Q. Did it appear that he was out of control?
A. Yes, I would say.
Q. Did you see Mr. Mandracken attack the officer?
[Objection sustained.]
Q. What did you see Mr. Mandracken do next?
A. I saw him strike the officer.
To this question and answer, defense counsel made the following objection:
This testimony that the person saw, we have never been provided with this testimony of this person who saw my client supposedly strike the officer and it’s inflammatory against my client, it’s not probative of anything.
When the prosecutor advised the court that Mrs. Childress’ testimony was included in the statement that had been provided to the defense, defense counsel merely replied: “I’m sorry, I don’t remember seeing that in the statement.” This is not a denial that the statement given to the defense properly included the matters testified to by Mrs. Childress. Defense counsel’s statement only indicates that he could not remember what was in the statement. This is not sufficient to require a Richardson hearing. See generally Lucas v. State, 376 So.2d 1149 (Fla.1979).
Defense Counsel’s objection that Mrs. Childress’ testimony was irrelevant simply is not well founded. It properly rebuts Mr. Mandracken’s testimony that he was minding his own business when he was put upon by the deputy.
Finally, the objection that the testimony relating to the alleged battery committed by Mandracken in the parking lot was Williams Rule evidence that was not properly noticed was not raised below. Even had it been, the testimony was proper rebuttal testimony which does not require notice. See section 90.404(2)(b)(l), Florida Statutes.
AFFIRMED.
W. SHARP and GRIFFIN, JJ., concur.