717 So.2d 205 (1998)
Lenroy Peter CELESTINE, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3567.
District Court of Appeal of Florida, Fifth District.
September 18, 1998.
James B. Gibson, Public Defender, and Lyle Hitchens, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, M., Senior Judge.
Appellant was convicted of attempted second degree murder with a firearm, burglary of a dwelling while armed, aggravated battery while armed, shooting at or within a dwelling and violation of a domestic violence injunction. He contends on appeal that the trial court erred in not conducting a Richardson[1] *206 hearing based on an alleged discovery violation by the state. We disagree and affirm.
At trial, Corporal Ashley of the Ocala Police Department testified that he removed Celestine from the residence where the altercation occurred and placed him in a police car. During direct examination the following exchange occurred:
Q. Okay. Did you question him at all at that time?
A. No, sir.
Q. Did he say anything to you when you got into your automobile?
MR. JOHNSON: (trial defense counsel): I'm going to object, Your Honorhearsay.
MR. HODGES (assistant state attorney): Your Honor, the Defendant is saying it.
THE COURT: Overruled.
MR. JOHNSON: Also, Your Honor, the statement would violate the Defendant's due process rights.
The trial court removed the jury and allowed the contested testimony to be proffered. The officer testified that as appellant was being placed in the police car he stated "I should have killed her." During cross examination defense counsel questioned the officer concerning whether the statement had been noted in any written reports. The officer replied that it had not. Then the following took place:
Q. If there's no notation of it other than the fact that you're stating it here today and have said it in your deposition, there's no record of it other than that.
A. Correct. Just the deposition and now. (emphasis added).
The trial court found that the statement had not been made as a result of interrogation, that it was made freely and voluntarily, and allowed the testimony to be heard by the jury.
The argument that there was a discovery violation is made for the first time on appeal. At no time did appellant complain to the trial court that there had been a discovery violation, nor was the court asked to conduct a Richardson hearing. Thus the state correctly contends that the issue was not preserved for appellate review. See § 924.051(1)(b), Fla. Stat. (Supp.1996), Martin v. State, 705 So.2d 1337, 1345 (Fla.1997). Moreover, no discovery violation appears from the record. Although the statement did not appear in the written reports provided to the defense, it is clear that the defense was aware of the statement prior to trial, as evident from the testimony of Corporal Ashley that he had disclosed this information in his earlier deposition. A Richardson inquiry is necessary only when there has been a discovery violation and an objection based on the alleged violation. Bush v. State, 461 So.2d 936, 938 (Fla.1984). See also, Mandracken v. State, 689 So.2d 1219 (Fla. 5th DCA 1997).
AFFIRMED.
COBB and THOMPSON, JJ., concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla.1971).