730 So.2d 762 (1999)
Warren WHITES, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3059.
District Court of Appeal of Florida, Fifth District.
March 19, 1999.
James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Warren Whites was convicted of committing first-degree premeditated.[1] At trial, he moved for a continuance or mistrial claiming the state had violated the rules of discovery by failing to timely disclose the results of ballistics tests performed on bullet holes in the victim's sweater. The trial court concluded that the state had violated the rules of discovery, but determined that neither a continuance nor mistrial was required. Mr. Whites appeals his judgment and sentence arguing the trial court abused its discretion *763 in so ruling. We disagree and therefore affirm.
On the evening of the murder, Mr. Whites was involved in a brawl with two other men on a street corner in Lake Helen, Florida. During the fight, the victim grabbed Mr. Whites' neck. After the fight ended, Mr. Whites told the victim that he was going home to get his gun and that he would return. A friend drove Mr. Whites to his house where he retrieved a pistol. Along the way, Mr. Whites told his friend that he was going to "bust" the victim. The friend drove Mr. Whites, now armed, back towards the street corner. As they approached the corner, Mr. Whites spotted the victim and told the driver to stop. As the car came to a stop, Mr. Whites got out of the car and shot the victim at least four times at close range.
Mr. Whites admitted that he shot and killed the victim, but contended that he acted in self-defense because he became concerned that the victim would grab him and kill him. He testified that he was between five and ten feet from the victim when he fired the first shot. Mr. Whites' brother testified that he saw the victim grab Mr. Whites before the first shot was fired. However, this testimony was impeached by deposition testimony in which Mr. Whites' brother stated that he did not remember seeing the shots fired and that he did not know what he was doing at the time. Six other witnesses testified that Mr. Whites was standing between five and fifteen feet from the victim at the time of the shooting.
At some point during the week of trial, the prosecutor handed defense counsel a copy of a ballistics report describing tests conducted on bullet holes found in the victim's sweater. The tests had been completed approximately two years earlier. The ballistics report described the sweater worn by the victim at the time of the shooting as follows:
The left collar of the sweater displays two holes. Numerous gunpowder particles were found on the collar around these holes indicating that at least one of the holes could be an entrance hole. These residues are consistent with a distance less than the maximum for which gunpowder would be deposited.

The left middle back displays five holes, gunpowder was found around these holes. These residues are consistent with at least one of these holes being fired at a distance less than the maximum for which gunpowder would be deposited.

(Emphasis added). The prosecutor stated that he had first discovered the report in a police file on the Wednesday before the trial began and that he had attempted but failed to reach defense counsel by telephone that day and the following Thursday and Friday. He eventually handed a copy of the report to defense counsel at trial before the jury was selected. Importantly, the prosecutor advised the court that the state did not intend to offer the report into evidence.
Defense counsel moved for a continuance or mistrial, arguing that the state's failure to provide him with a copy of the report prior to trial constituted a violation of Florida Rule of Criminal Procedure 3.220(b)(1)(J)[2], and prejudiced his ability to prepare for trial. The trial court conducted a hearing on Mr. Whites' motion pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971).
At the conclusion of the hearing, the trial court ruled that the state had committed a discovery violation by failing to timely disclose *764 the ballistics report but that the violation had been inadvertent, not substantial, and that it had not resulted in prejudice or harm to Mr. Whites. Furthermore, the trial court reasoned that neither a continuance nor mistrial was required because the ballistics report was inconclusive as to the distance between Mr. Whites and the victim when the shots were fired. We affirm this ruling.
When a defendant claims that the state has violated the rules of discovery, the trial court must first determine whether there was a discovery violation. If a violation has occurred, then the court must determine whether the violation was wilful or inadvertent, if the violation was trivial or substantial, and whether it "resulted in prejudice or harm to the defendant." Id. at 774. Upon appellate review, a trial court's decision should not be disturbed unless it was an abuse of discretion. See id. at 775.
We agree with the trial court that the state's failure to timely deliver the ballistics report to defense counsel constituted a discovery violation. Pursuant to rule 3.220(j), Florida Rules of Criminal Procedure, the state has a continuing duty to disclose evidence held by other state agents, such as law enforcement officers, even if the defendant could have obtained the information by other means. See State v. Coney, 294 So.2d 82, 87 (Fla.1973); see also Hahn v. State, 626 So.2d 1056, 1058 (Fla. 4th DCA 1993). In the instant case, the state had constructive knowledge and constructive possession of the ballistics report for the purposes of rule 3.220 because the report was contained in the records of the Lake Helen Police Department. See Coney, 294 So.2d at 82. We also agree with the trial court that the discovery violation was inadvertent since the prosecutor explained that he first discovered the report only days before trial. See State v. Guzman, 667 So.2d 989, 991 (Fla. 3d DCA 1996).
The only question remaining is whether the trial court abused its discretion in determining that the discovery violation was not substantial and thus did not result in prejudice or harm to Mr. Whites. Mr. Whites argues that the state's discovery violation prejudiced his ability to present his defense because timely disclosure of the ballistics report would have helped him to prove his theory of self-defense. He contends that the existence of gunpowder on the victim's sweater supports his contention that the victim was close enough to threaten his life when he shot him. He argues further that the ballistics report contradicts the medical examiner's report that gunpowder burns were not observed on the victim's body, and corroborates his brother's testimony that the victim had reached for Mr. Whites before the first shot was fired. We disagree. The ballistics report is cursory and does not estimate the distance between Mr. Whites and the victim at the time of the shooting. Importantly, the ballistics examiner did not have possession of the weapon from which the shots were fired; therefore, the weapon could not be tested to determine the maximum distance from which it would deposit powder residue. Moreover, the report is consistent with the testimony of the witnesses, including Mr. Whites, that the victim was between five and fifteen feet away from Mr. Whites at the time of the shooting.
It is uncontroverted that Mr. Whites retrieved his pistol after the initial altercation with the victim and that he expressed his intention "to bust" the victim; that Mr. Whites had adequate time and means to escape if he believed that he was in danger, and that Mr. Whites shot the victim at least four times. Under these facts, we cannot hold that the trial court abused its discretion in determining that Mr. Whites was not prejudiced by the state's untimely disclosure of the ballistics report. See Richardson, 246 So.2d at 775.
JUDGMENT and SENTENCE AFFIRMED.
GRIFFIN, C.J., THOMPSON and ANTOON, JJ., concur.
NOTES
[1] §§ 782.04(1)(a)1; 775.087, Fla. Stat. (1993).
[2] Rule 3.220. Discovery

* * *
(b) Prosecutor's Discovery Obligation.
(1) Within 15 days after service of the Notice of Discovery, the prosecutor shall serve a written Discovery Exhibit which shall disclose to the defendant and permit the defendant to inspect, copy, test, and photograph the following information and material within the state's possession or control:
* * *
(J) reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons.
* * *
(j) Continuing Duty to Disclose. If, subsequent to compliance with the rules, a party discovers additional witnesses or material that the party would have been under a duty to disclose or produce at the time of the previous compliance, the party shall promptly disclose or produce the witnesses or material in the same manner as required under these rules for initial discovery.