844 So.2d 812 (2003)
John Henry BUFFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-1315.
District Court of Appeal of Florida, Fifth District.
May 16, 2003.
James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
John Henry Bufford appeals his conviction of robbery with a firearm.[1] He contends that the trial court erred by denying his motion for a judgment of acquittal based on his contention that the State failed to prove that he used a firearm in the commission of the robbery. He further asserts that certain unobjected to comments made by the prosecutor during closing argument were improper and constitute fundamental error. We affirm.
*813 A motion for judgment of acquittal is designed to challenge the legal sufficiency of the evidence. If the State presents competent evidence to establish each element of the crime, a motion for judgment of acquittal should be denied. State v. Williams, 742 So.2d 509, 510 (Fla. 1st DCA 1999). The court should not grant a motion for judgment of acquittal unless the evidence, when viewed in light most favorable to the State, fails to establish a prima facie case of guilt. Dupree v. State, 705 So.2d 90, 93 (Fla. 4th DCA 1998). In moving for a judgment of acquittal, a defendant admits not only the facts stated in the evidence, but also every reasonable conclusion favorable to the State that the fact-finder might fairly infer from the evidence. Lynch v. State, 293 So.2d 44, 45 (Fla.1974). It is the trial judge's task to review the evidence to determine the presence or absence of competent evidence from which a jury could infer guilt to the exclusion of all other inferences. State v. Law, 559 So.2d 187, 189 (Fla. 1989). We review the record de novo to determine whether sufficient evidence supports the verdict. Williams, 742 So.2d at 511.
Bufford argues that the evidence was insufficient to demonstrate that he possessed a firearm during the commission of the robbery. However, at trial, Acosta, the victim, testified as follows:
A. Before I knew it, someone was right in my face. Actually what was in my face was a gun, and I noticed there wasit was a body behind the gun....

* * *
Q. Can you describe the gun generally?
A. It was black.
Q. Was it a big gun? First of all, was it a handgun or a rifle?
A. It was a handgun. Likeseemed like it was comfortable in his hand. I can't give you a complete description of it, but I do remember seeing the front of it knowing that it was in his hand.
Q. Okay. Are you familiar, are you familiar with guns?
A. I've seen different types.
Q. Was it a small gun or a large gun?
A. Say something that comfortably fits into one's hand like a hand held gun.

* * *
Q. Okay. When the individual was pointingwas the gun pointing right at you?
A. Yeah, in my face.

* * *
A. I thoughtI thought he was going to kill me. I thought he was going to throw himself into my car, take me, kill me, rape me. My purse was sitting in the front seat.
Q. Were you in fear of your life and in fear that he would shoot you?
A. Uh-huh.
This testimony was sufficient to support the trial court's denial of Bufford's motion for judgment of acquittal in relation to the allegation that he possessed a firearm during the commission of the robbery. Akins v. State, 838 So.2d 637 (Fla. 5th DCA 2003).
We also reject Bufford's contention that the prosecutor made an improper closing argument. Our review of the State's closing argument demonstrates that it was entirely appropriate. That may explain why Bufford's trial counsel did not object to the State's closing.
AFFIRMED.
GRIFFIN and MONACO, JJ, concur.
NOTES
[1] §§ 812.13(1) & (2)(a); 775.087, Fla. Stat. (2000).