904 So.2d 598 (2005)
Jorge ROJAS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-495.
District Court of Appeal of Florida, Fifth District.
June 17, 2005.
*599 James S. Purdy, Public Defender and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Jorge Rojas (defendant) appeals his judgments and sentences, claiming that the trial court erred in denying his motion for mistrial made when the State introduced evidence not timely disclosed during the discovery process. Concluding that a mistrial should have been granted, we reverse the defendant's judgments and sentences, *600 and remand this matter to the trial court for a new trial.
The defendant was charged with committing the crimes of burglary of a structure with an assault or battery, aggravated assault with a deadly weapon, and false imprisonment (with a weapon and a mask). The charges arose out of an attempted robbery of a pawn shop. The defendant's defense was that the eyewitness identification indicating that he was the perpetrator of said crime was incorrect.
At trial, after the State presented testimony from several witnesses, the prosecutor notified the trial court that she had just received a DNA lab report. The report was dated almost two months earlier. The prosecutor stated that the DNA report indicated that DNA taken from hairs located on a mask found near the crime scene matched the defendant's DNA.
The trial court announced that it would hold a Richardson[1] hearing on the matter and adjourned the trial for the remainder of the week to give the defense time to depose the State's expert witness, and to give both sides an opportunity to do research with respect to the Richardson issue.
When court reconvened, the defendant moved for a mistrial claiming that the State had committed a prejudicial discovery violation. In response, the prosecutor stated that the delay in disclosing the results from the DNA report was due to the fact that the DNA report had inadvertently been sent to the wrong detective and was temporarily lost. After considering the explanation submitted by the prosecutor, the trial court found that the State's failure to disclose the results of the DNA test was a discovery violation, but was not willful. Further, the trial court found that the violation was substantial, but did not result in prejudice to the defendant. The trial then continued with the DNA evidence being admitted.
When a defendant claims that the State has violated the rules of discovery, the trial court must first determine whether there was a discovery violation. If a violation has occurred, then the court must determine whether the violation was willful or inadvertent, if the violation was trivial or substantial, and whether it "resulted in prejudice or harm to the defendant." Richardson v. State, 246 So.2d 771, 775 (Fla.1971). Upon appellate review, a trial court's decision should not be disturbed unless it was an abuse of discretion. See Cox v. State, 819 So.2d 705 (Fla.2002).
Here, the trial court properly found that the State's failure to timely deliver the results of the DNA report to defense counsel constituted a discovery violation. Pursuant to rule 3.220(j), Florida Rules of Criminal Procedure, the State has a continuing duty to disclose evidence held by other state agents, such as law enforcement officers. State v. Coney, 294 So.2d 82, 87 (Fla.1973). The State is charged with constructive possession of all information and evidence in the hands of its agents, including police. Whites v. State, 730 So.2d 762 (Fla. 5th DCA 1999).
Once the trial court found that the State had committed a discovery violation, the trial court properly considered whether the violation was willful or inadvertent. The testimony presented at the hearing supports the trial court's finding that the discovery violation was inadvertent, since the prosecutor explained that she had attempted to obtain the results of the DNA tests for several weeks prior to trial and only received the results after the trial had commenced.
*601 The trial court then correctly found that the DNA evidence in this case was substantial. Specifically, the defendant's case hinged on the fact that no one actually saw the perpetrator's face during the commission of the crime, and the defendant was asserting that he was a victim of mistaken identity.
The only question remaining is whether the trial court abused its discretion in determining that the discovery violation did not result in prejudice or harm to the defendant. Our supreme court has offered the following guidance in determining whether an unsanctioned discovery violation constitutes harmless error:
In determining whether a Richardson violation is harmless, the appellate court must consider whether there is a reasonable possibility that the discovery violation procedurally prejudiced the defense. As used in this context, the defense is procedurally prejudiced if there is a reasonable possibility that the defendant's trial preparation or strategy would have been materially different had the violation not occurred. Trial preparation or strategy should be considered materially different if it could have reasonably benefited the defendant. In making this determination, every conceivable course of action must be considered. If the reviewing court finds that there is a reasonable possibility that the discovery violation prejudiced the defense or if the record is insufficient to determine that the defense was not materially affected, the error must be considered harmful. In other words, only if the appellate court can say beyond a reasonable doubt that the defense was not procedurally prejudiced by the discovery violation can the error be considered harmless.
State v. Schopp, 653 So.2d 1016, 1020-21 (Fla.1995).
In the instant case it cannot be said, beyond a reasonable doubt, that the defendant was not procedurally prejudiced by the failure of the State to disclose the results of the DNA test to him three weeks prior to trial since there is a reasonable possibility that defendant's trial preparation or strategy would have been materially different had the violation not occurred. Accordingly, the trial court abused its discretion in failing to grant the defendant's motion for a mistrial. The defendant's convictions and sentences must therefore be reversed and this case remanded for a new trial. See Scipio v. State, 867 So.2d 427 (Fla. 5th DCA), rev. granted, 880 So.2d 1212 (Fla.2004)(holding that the defense is procedurally prejudiced by a discovery violation if there is a reasonable possibility that the defendant's trial preparation or strategy would have been materially different had the violation not occurred).
Judgments and Sentences REVERSED and Cause REMANDED.
GRIFFIN and ORFINGER, JJ., concur.
NOTES
[1] See Richardson v. State, 246 So.2d 771 (Fla.1971).