GRIFFIN, J.
 

 Kenneth Dawson [“Dawson”] appeals his judgment and sentence for one count of resisting a law enforcement officer with violence and one count of battery upon a law enforcement officer. Dawson argues that the trial court erred by denying his motion for a mistrial based upon a discovery violation. He asserts that the State failed to disclose both the substance of a statement that allegedly was made by him and the name and address of a nurse who allegedly was a witness to the statement. We reverse.
 

 The State charged Dawson in a four-count information with resisting law enforcement officer, Benjamin Slover, with violence; battery upon law enforcement officer, Nicole Harms; battery upon law enforcement officer, Benjamin Slover; and resisting law enforcement officer, Nicole Harms, without violence. The case proceeded to trial, during which Officer Stephen Koubek [“Officer Koubek”] testified that he arrived on scene after Dawson had been taken into custody and that he transported Dawson to the hospital because Dawson had been tasered. When asked about what happened at the hospital, Officer Koubek explained:
 

 While we were in the hospital, the nurse walked in and asked why are we here. I advised he needed to be medicated, he was fighting and there was a tasering and at that time the defendant stated
 
 *926
 
 that he would have whooped that officer’s ass if he hadn’t been tasered—
 

 Defense counsel objected to this testimony on the basis of hearsay and relevance. Defense counsel also asserted that a discovery violation had occurred since the State had failed to disclose Dawson’s alleged statement.
 

 When asked by the trial court whether “any statement” had been disclosed, the prosecutor said: “I did not disclose the statement. I disclosed the officer. I mean he has just as much right to talk to the officer as I do. He could have called him up, he could have deposed him and heard it.” The prosecutor also asserted that she had just become aware of the statement the previous evening.
 

 Defense counsel moved for a mistrial, arguing that the State had a duty to disclose the statement as soon as the State learned of it, that the testimony was prejudicial, that had he known about the alleged statement, he would have deposed the nurse who allegedly was present and he would have prepared for trial differently if he had known about Officer Koubek’s testimony. The State responded by blaming defense counsel’s lack of trial preparation because he had not deposed Officer Kou-bek. Defense counsel replied that:
 

 [Tjhis is something that either this officer should have informed the State or the State should have then informed me prior to the time that he got on the witness stand and blurred [sic] it out to the jury. It’s highly inappropriate. It’s extremely prejudicial and it will have greatly impacted my preparations for this case even before we started here this morning.
 

 Defense counsel also pointed out that the State should have disclosed the nurse as a potential witness since the nurse allegedly was present when Dawson made the statement.
 

 The trial court overruled the objection and denied the motion for mistrial, reasoning that defense counsel could not be prejudiced by the State’s failure to tell him about something his own client said. He also found that the State’s discovery violation was not willful. Defense counsel then requested that the testimony be stricken or that the court continue the trial so that he could try to find the nurse. The trial court denied these motions as well. After the jury returned, Officer Koubek repeated his testimony, defense counsel again objected, and the trial court overruled the objection.
 

 As an initial matter, the trial court properly found that the State had committed a discovery violation.
 
 See Rojas v. State,
 
 904 So.2d 598, 600 (Fla. 5th DCA 2005). Pursuant to Florida Rule of Criminal Procedure 3.220(b)(1)(C), the State was required to disclose both the substance of the statement allegedly made by Dawson and the name and address of the nurse who allegedly was a witness to the statement. The State also had the duty to promptly disclose the information as soon as it was discovered. Fla. R.Crim. P. 3.220(j).
 

 The trial court considered whether the discovery violation was willful or inadvertent and made a finding that the violation was not willful, but did not say why not. By her own admission, the prosecutor became aware of the statement the night before calling Officer Koubek as a witness, but did not disclose the statement before Officer Koubek testified to it. No excuse was offered; instead, the prosecutor asserted that she had no duty to disclose it. It is hard to fathom how this omission would not be a willful violation.
 

 Finally, although the trial court did not make a specific finding with respect to whether the discovery violation was trivial
 
 *927
 
 or substantial, the discovery violation was plainly substantial. Dawson’s theory of defense was that Dawson had been attacked by Officer Slover and that he did not know Officer Slover was a law enforcement officer because Officer Slover attacked him from behind. He merely tried to “prevent himself from being attacked” by putting “his elbows up over his face;” and to “block the officer from hitting him.” Officer Koubek’s testimony that Dawson said that he would have “whooped that officer’s ass if he hadn’t been tasered” undercuts the theory of the defense because it suggests that Dawson was the aggressor and was aware that the interaction was with a law enforcement officer. Rule of Criminal Procedure 3.220 is designed to encourage the truth-seeking process and to promote efficiency. All sides need to expect the rules will be enforced or there will be a temptation to evade them.
 

 REVERSED and REMANDED.
 

 SAWAYA and PALMER, JJ., concur.