PER CURIAM.
Appellant challenges the trial court’s order denying his motion for postconviction relief after an evidentiary hearing. Appellant claimed that his trial counsel should have objected to the introduction of a confession because it had not been disclosed by the State during pretrial discovery. The trial court determined that the State had not committed a discovery violation because it had disclosed the identity of the witness. We conclude that the failure of the State to disclose the existence and substance of the statement was a discovery violation. Accordingly, we reverse and remand this cause for further proceedings.
Appellant was found guilty of three counts of lewd or lascivious molestation of a person twelve years of age or older but less than sixteen years. One of the key pieces of evidence against him was his alleged confession to his step-sister, Ms. Mansfield. From the context of the question at trial, it is obvious that the State was aware of the confession at some point before Ms. Mansfield was called to testify — the prosecutor called her and only asked about the confession. Although the State had disclosed Ms. Mansfield’s identity and defense counsel deposed her, it never disclosed that Appellant had given the confession or its substance. During the hearing on Appellant’s postconviction motion, his former trial counsel admitted that he had not raised the discovery violation because he thought that it was his burden to ferret out the confession during the witness’s deposition. The trial court agreed, concluding that the State had met its burden by disclosing the witness’s identity. This legal conclusion was erroneous. The State has the affirmative duty to disclose the substance of a defendant’s statements pursuant to Florida Rule of Criminal Procedure 3.220. Reese v. State, 694 So.2d 678, 683 (Fla.1997). The burden is not satisfied by merely disclosing the identity of the witness to whom the statement was made. Dawson v. State, 58 So.3d 924, 926 (Fla. 5th DCA 2011).
Our conclusion that a discovery violation occurred and that counsel was ineffective for not raising the discovery violation at trial is not dispositive, however, because Appellant still has the burden to show that counsel’s ineffectiveness probably affected the outcome of his trial under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Based upon his erroneous legal conclusion, the trial judge never addressed this Strickland prong, nor has the State asserted the lack of prejudice as a basis for affirming under a tipsy coachman[1] analysis. Indeed, the record is ambiguous on this point, necessitating further labor by the trial court.
REVERSED AND REMANDED.
GRIFFIN, TORPY and LAWSON, JJ., concur.

. See Robertson v. State, 829 So.2d 901 (Fla. 2002).