# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-3949

_____

KELLY LAMONT WHISBY,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Steven B. Whittington, Judge.

December 18, 2018

WINOKUR, J.

Although the State sought admission of collateral-crime evidence under section 90.404(2)(a), Florida Statutes, we find that it was admissible under section 90.404(2)(c). We therefore affirm the judgment entered against Kelly Lamont Whisby.[1]

## I.

The State charged Whisby in an eight-count information with armed kidnapping with intent to commit sexual battery, three counts of sexual battery, and other offenses. The State alleged that Whisby kidnapped the victim, S.C., at gunpoint and

_____

[1] We reject Whisby's other arguments on appeal.

forced her into his car. Whisby drove S.C. to various locations where he forced her to perform oral sex and intercourse. Whisby then led police in a high-speed chase that ended when Whisby abandoned his car and forced S.C. to hide under a shed with him. Whisby was found by a police dog and arrested.

Before trial, the State filed a notice of intent to rely on collateral-crime evidence pursuant to section 90.404(2)(a), Florida Statutes. The collateral-crime evidence showed that Whisby committed a sexual battery less than twenty-four hours before he kidnapped S.C. The State proffered the testimony of the victim of the prior sexual battery, W.W., who testified that Whisby kidnapped her at gunpoint and forced her into her car that Whisby had previously stolen. Whisby then forced W.W. to perform oral sex and then drove to a nearby park where he forced her to have intercourse.

The trial court found that the State proved the prior sexual battery by clear and convincing evidence. The court recounted several similarities between the collateral crime and the charged crime, noting that both incidents involved women who had previously been in intimate relationships with Whisby, that the same car and gun were used, and that Whisby used a tissue or napkin to clean either the victim or himself after each incident. As a result, the court found the prior sexual battery strikingly similar to the charged offenses and "relevant to establish a material fact at issue, including, but not limited to, proof of motive and opportunity."[2] The trial court also found that "the probative value of [W.W.'s] testimony [was] not substantially outweighed by the danger of unfair prejudice." As such, the court ruled that the State would be permitted to introduce the collateral-crime evidence.

---

[2] The court did not explain how evidence of Whisby's sexual battery upon W.W. provided him with the motive or with the opportunity to commit a sexual battery upon S.C., or whether the crime upon W.W. was relevant to Whisby's motive or opportunity in some other sense. This is a primary reason why we analyze this case below under section 90.404(2)(c) rather than section 90.404(2)(a).

At trial, W.W. testified as to the prior sexual battery. During its rebuttal closing argument, the State argued that W.W.'s testimony corroborated S.C.'s testimony and the other evidence of the charged offenses. The jury found Whisby guilty as charged of armed kidnapping with intent to commit sexual battery, three counts of sexual battery, and other offenses.

## II.

A trial court's decision to admit collateral-act evidence is reviewed for abuse of discretion. *Goggins v. State*, 211 So. 3d 1100, 1103 (Fla. 1st DCA 2017) (citing *Easterly v. State*, 22 So. 3d 807, 814 (Fla. 1st DCA 2009)). Similar fact evidence of other crimes is admissible "when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity." § 90.404(2)(a), Fla. Stat. The State is required to give notice to defense counsel of its intention to admit such evidence. § 90.404(2)(d), Fla. Stat. Additionally, similar fact evidence of other crimes is subject to exclusion under the balancing test of section 90.403, Florida Statutes, and cannot become the feature of the trial. *Truehill v. State*, 211 So. 3d 930, 945 (Fla. 2017).

Accordingly, this Court has held that prior to admitting collateral-crime evidence, a trial court must determine whether the defendant committed the collateral crime, whether the crime is similar enough to be relevant, whether the crime is too remote in time to be relevant, and whether its prejudicial effect substantially outweighs its probative value. *Vice v. State*, 39 So. 3d 352, 355 (Fla. 1st DCA 2010) (citing *Robertson v. State*, 829 So. 2d 901, 907-08 (Fla. 2002)). The State must prove that a collateral crime occurred by clear and convincing evidence before it may be admitted. *See State v. Norris*, 168 So. 2d 541, 543 (Fla. 1964); *Harrelson v. State*, 146 So. 3d 171, 173 (Fla. 1st DCA 2014).

This Court asked for supplemental briefing on the issue of whether the trial court's admission of Whisby's prior sexual battery could be affirmed pursuant to section 90.404(2)(c), Florida Statutes. An appellate court may affirm "if a trial court reaches

the right result, but for the wrong reasons." *Dade Cty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 644 (Fla. 1999). Regardless of whether the trial court properly admitted the prior sexual battery under section 90.404(2)(a), we conclude that it was admissible under section 90.404(2)(c).

## III.

In 2011, the Florida Legislature enacted section 90.404(2)(c) providing that "[i]n a criminal case in which the defendant is charged with a sexual offense,[3] evidence of the defendant's commission of other crimes, wrongs, or acts involving a sexual offense is admissible and may be considered for its bearing on any matter to which it is relevant." While evidence of collateral crimes is generally inadmissible under section 90.404(2)(a) if it is relevant "solely to prove bad character or propensity," evidence of a collateral sexual offense "may be considered for its bearing on *any matter* to which it is relevant." § 90.404(2)(c), Fla. Stat. (emphasis added).

Due to its recent addition to the Evidence Code, Florida courts have not addressed the admissibility standards of section 90.404(2)(c). However, this section sets forth admissibility standards that are substantially identical to those in section 90.404(2)(b), Florida Statutes, which concerns admissibility of collateral crimes of child molestation.[4] The Florida Supreme Court has articulated requirements for admitting collateral-crime evidence pursuant to section 90.404(2)(b). *McLean v. State*, 934 So. 2d 1248 (Fla. 2006). Because subsection (2)(b) sets forth

---

[3] Section 90.404(2)(c)2., Florida Statutes, defines "sexual offense" to include the crime of sexual battery as codified in section 794.011, Florida Statutes. Whisby was charged with three counts of sexual battery pursuant to section 794.011(3).

[4] Section 90.404(2)(b), Florida Statutes, provides that "[i]n a criminal case in which the defendant is charged with a crime involving child molestation, evidence of the defendant's commission of other crimes, wrongs, or acts of child molestation is admissible and may be considered for its bearing on any matter to which it is relevant."

4

requirements for the admissibility of collateral acts of child molestation that are identical to the requirements for the admissibility of collateral acts of a sexual offense in subsection (2)(c), we apply the *McLean* standards here.

The *McLean* court held that the admission of such evidence does not violate due process when applied in cases where identity is not at issue. 934 So. 2d at 1251. Specifically, it found that "due process is satisfied by weighing the probative value of the evidence of prior acts of child molestation against its potential for unfair prejudice, which is compelled by section 90.403, Florida Statutes." *Id*. The court also set forth a non-exclusive list of factors that a trial court should consider when balancing the collateral crime evidence pursuant to section 90.403:

> (1) the similarity of the prior acts to the act charged regarding the location of where the acts occurred, the age and gender of the victims, and the manner in which the acts were committed; (2) the closeness in time of the prior acts to the act charged; (3) the frequency of the prior acts; and (4) the presence or lack of intervening circumstances.

*Id*.

Thus, collateral-crime evidence of a sexual offense is admissible even if offered to show propensity. *See Rutledge v. State*, 1 So. 3d 1122, 1129-30 (Fla. 1st DCA 2009) (acknowledging that evidence of a collateral crime may be admissible to show propensity under section 90.404(2)(b)). However, the State must still demonstrate that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence. § 90.403, Fla. Stat. We consider the factors set forth in *McLean* in conducting this analysis.

IV.

Whisby argues that the sexual battery of W.W. cannot be affirmed under section 90.404(2)(c) because it is not similar to the charged offense. We disagree. The incidents occurred less then twenty-four hours from each other and in almost identical

5

fashion: Whisby forced W.W. and S.C. into his car at gunpoint and drove them to various locations while coercing them to engage in sexual acts, and the incidents concluded with Whisby using a tissue or napkin to either clean them or himself. Additionally, Whisby used the same vehicle and gun to commit both acts. Regardless of whether the crimes are "strikingly similar," which would permit admission under section 90.404(2)(a), *see Robertson v. State*, 829 So. 2d 901, 909 (Fla. 2002), they are similar enough to support admission under the analysis outlined in *McLean*.

The trial court found the prior sexual battery relevant and similar to the charged offenses. The State briefly mentioned the collateral crime in its opening statement and again in its rebuttal closing argument, arguing how it corroborated the evidence of Whisby's charged offenses. Additionally, W.W. was the only witness who testified about the collateral crime. The State's other eleven witnesses, including S.C., testified as to Whisby's charged offenses and how forensic evidence, notably DNA, linked Whisby to the crimes. Thus, the collateral-crime evidence did not "transcend the bounds of relevancy" and become "an assault on the character of [Whisby]." *Durousseau v. State*, 55 So. 3d 543, 551 (Fla. 2010) (quoting *Williams v. State,* 117 So. 2d 473, 475 (Fla. 1960)). Therefore, the probative value of Whisby's prior sexual battery was not substantially outweighed by the danger of unfair prejudice and it did not become a feature of the trial.

Finally, Whisby relies on *Robertson* to argue that the admission of the disputed evidence cannot be affirmed under section 90.404(2)(c) because that issue was never addressed below. In *Robertson*, the Florida Supreme Court reversed the district court's finding that the State's impeachment of the defendant during trial with a prior bad act could have been affirmed as properly admitted collateral-crime evidence. 829 So. 2d at 907. The court emphasized that the "tipsy coachman doctrine," permitting affirmance on appeal even if the correct argument was not made below, requires "support for the alternative theory or principle of law in the record before the trial court." *Id.* Since the trial court did not make the pre-trial determinations required for admission of collateral-crime evidence, "the record did not permit the Third District to affirm

6

the trial court's admission of collateral crime evidence . . . ." *Id.* at 909.

The record in this case is different. Unlike *Robertson*, the State filed a notice of intent to offer collateral-crime evidence. W.W. proffered testimony at a pretrial hearing, defense counsel cross-examined her, and both sides argued whether the evidence should be admitted. The trial court found that the prior sexual battery was relevant and that it was not unduly prejudicial. This is essentially the same analysis that the trial court would have conducted if the State sought to introduce the collateral-crime evidence under section 90.404(2)(c). Therefore, the record is amply sufficient to allow us to affirm the admission of the evidence under section 90.404(2)(c) by resort to the tipsy coachman doctrine.

V.

The collateral-crime evidence of Whisby's sexual battery of W.W. was not only relevant, but also highly probative of his charged offenses. While the trial court admitted the evidence pursuant to section 90.404(2)(a), we find that there is a sufficient record to affirm its admission under section 90.404(2)(c). As a result, the trial court did not abuse its discretion in admitting evidence of the prior sexual battery.

AFFIRMED.

OSTERHAUS and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, Joanna A. Mauer, Assistant Public Defender, and Kathleen Pafford, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Robert Charles Lee, Assistant Attorney General, and Steven Woods, Assistant Attorney General, Tallahassee, for Appellee.