# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-3159
LT Case No. 2021-CF-001381

_____

ADAM COLE CRENSHAW,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Putnam County.
Alicia R. Washington, Judge.

Matthew J. Metz, Public Defender, Edward J. Weiss and Brian
Hyer, Assistant Public Defenders, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Alyssa M.
Williams, Assistant Attorney General, Daytona Beach, for
Appellee.

September 19, 2025

PRATT, J.

Adam Crenshaw appeals the judgment, and resulting life
sentence, arising from his convictions for multiple counts of sexual
battery and lewd or lascivious molestation. For the following
reasons, we reverse one of his convictions and remand for the trial

court to reconsider his motion for new trial. As to all other issues that Crenshaw raises, we affirm.

## I.

The State charged Crenshaw with committing, between January 1 and March 11, 2021: sexual battery on a person less than 12 years of age with his penis (count I), mouth (count III), and fingers (count V), and lewd or lascivious molestation of a person less than 12 years of age by touching the person's genitals (count VII) and breasts (count IX). It also charged him with committing, between March 12 and December 23, 2021: sexual battery on a person 12 to 18 years of age by a person in a position of familial or custodial authority with his penis (count II), mouth (count IV), and fingers (count VI), and lewd or lascivious molestation of a person 12 to 16 years of age by touching the person's genitals (count VIII) and breasts (count X). Finally, the State charged Crenshaw with, between January 1 and December 23, 2021, transmitting to the victim an image that is harmful to minors (count XI).[1] As to all of these charges, the victim was Crenshaw's daughter.

A jury found Crenshaw guilty of all charged crimes except for count III. The trial court sentenced him to life in prison for counts I, II, IV, V, VI, VII, and IX, imposed a 15-year concurrent sentence for counts VIII and X, and imposed a five-year concurrent sentence for count XI. Crenshaw now challenges: (1) the trial court's competency examination of the child victim; (2) the trial court's treatment of alleged discovery violations; (3) the admission of collateral crime evidence; (4) the sufficiency of the evidence for multiple convictions; (5) the denial of his motion for new trial; and (6) the imposition of the cost of prosecution. We address each challenge in turn.

## II.

Crenshaw first claims that the trial court erred when it did not inquire into, or make specific findings regarding, whether the

---

[1] The State also charged Crenshaw with tampering in a felony proceeding (count XII) but stipulated to its dismissal at trial.

child victim could observe or recollect facts and whether she had a sense of her moral obligation to truthfully testify.

A child is competent to testify if she "appreciates the need to tell the truth" and "has sufficient intelligence" to observe facts and "sufficient capacity to relate them correctly." *Lloyd v. State*, 524 So. 2d 396, 400 (Fla. 1988). On the first day of trial, Crenshaw requested "an inquiry from the Court about a truth and a lie, whether or not [the victim]'s competent to proceed." The court asked the victim whether she knew she was there to testify truthfully and whether she knew the difference between a truth and a lie; she answered in the affirmative as to both questions. The court asked if any party wanted further inquiry, and Crenshaw requested inquiry into whether the victim knew the definition of a lie. The victim then gave examples of truths and lies and affirmed that she understood a lie to be something that is not true. The court asked twice more if Crenshaw wanted to further inquire of her competency; he answered in the negative each time.

Any failure by the trial court to conduct a more thorough competency review is due to Crenshaw's failure to request one. He did not ask that the court inquire about the victim's ability to observe or recollect facts or—to the extent it differs from her understanding of the difference between a truth and a lie—her sense of a moral obligation to truthfully testify. *See Wade v. State*, 586 So. 2d 1200, 1204 (Fla. 1st DCA 1991) (refusing to equate knowledge of the difference between a truth and a lie to appreciation of the need to tell the truth); *Hammond v. State*, 660 So. 2d 1152, 1156 (Fla. 2d DCA 1995) (same). As such, Crenshaw failed to preserve any alleged error for our review. *See Steinhorst v. State*, 412 So. 2d 332, 338 (Fla. 1982) ("[F]or an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below.").

### III.

Crenshaw next alleges that the State committed discovery violations when it failed to highlight portions of a forensic cell phone download it intended to introduce at trial, and that the trial

3

court erred by failing to hold a *Richardson*[2] hearing on this purported violation. He also claims that the State committed a discovery violation by failing to disclose material changes in the victim's statements. Crenshaw did not object below regarding changes in the victim's statements and therefore failed to preserve this issue for appeal. *See Celestine v. State*, 717 So. 2d 205, 206 (Fla. 5th DCA 1998). Accordingly, we consider only the forensic download issue.

At trial, Crenshaw objected that the State did not provide him with a supplement of a forensic download of the victim's phone until the morning of jury selection. He acknowledged the State had provided him with the entire download over a year before trial, but he claimed the State should have re-disclosed the specific messages it intended to introduce at trial. The trial court overruled the objection and did not conduct a *Richardson* hearing. The State later introduced text messages from the forensic download between Crenshaw and the victim confirming the victim's story that he would text her in the middle of the night and direct her to come to his room. Crenshaw also introduced text messages from the download in an attempt to show that the phone did not belong solely to the victim but was shared among all family members.

"[A] trial court is not required to conduct a *Richardson* hearing" unless it first determines that a "discovery violation has occurred." *Teets v. State*, 321 So. 3d 841, 845 (Fla. 4th DCA 2021) (quoting *Smith v. State*, 283 So. 3d 817, 820 (Fla. 4th DCA 2019)). We review the trial court's determination of whether a discovery violation occurred for an abuse of discretion. *Whites v. State*, 730 So. 2d 762, 764 (Fla. 5th DCA 1999). Here, because the State had disclosed all the evidence at least once, the trial court did not abuse its discretion in finding that the State committed no discovery violation. Regardless, any purported error was harmless. A trial court's failure to hold a *Richardson* hearing "can constitute harmless error if the appellate court can ascertain, beyond a reasonable doubt, that there is no reasonable possibility that the defendant's trial preparation or strategy would have been materially different had the violation not occurred." *Bess v. State*,

---

[2] *Richardson v. State*, 246 So. 2d 771 (Fla. 1971).

208 So. 3d 1213, 1214 (Fla. 5th DCA 2017). Crenshaw's trial preparation would not have been different had the State pinpointed the exact messages it intended to introduce at trial. His theory that the phone belonged to the entire family and his ability to select messages supporting this theory would have remained the same. We therefore affirm on this issue.

## IV.

In his third issue, Crenshaw contends that the trial court erred by admitting collateral crime evidence as inextricably intertwined evidence and *Williams*[3] rule evidence. He preserved only his challenges that: (1) the collateral crimes were not inextricably intertwined with the charged crimes; (2) the State provided inadequate notice of its intent to introduce the collateral crimes; and (3) the collateral crimes became a feature of the trial.

Here, the State sought to introduce evidence that Crenshaw started sexually abusing the victim when she was six and continued to do so on a regular basis until the time of the charged crimes in 2021. The trial court allowed evidence of the prior abuse as inextricably intertwined evidence and *Williams* rule evidence. We review this decision for an abuse of discretion. *See Wright v. State*, 19 So. 3d 277, 291 (Fla. 2009), *abrogated on other grounds*, *Cruz v. State*, 372 So. 3d 1237 (Fla. 2023).

## 1.

Inextricably intertwined evidence is not *Williams* rule evidence. *Griffin v. State*, 639 So. 2d 966, 968 (Fla. 1994). Whereas *Williams* rule evidence "is limited to '*similar fact evidence*,'" inextricably intertwined evidence does not have to be similar to the charged crime. *Id.* (quoting § 90.404(2)(a), Fla. Stat. (1991)). To be admissible, inextricably intertwined evidence need only: "(1) adequately describe the charged act, (2) provide an intelligent account of the crime charged, (3) establish the entire context out of which the charged crime arose, or (4) adequately describe the events leading up to the charged crime." *Barry v. State*, 264 So. 3d

---

[3] *Williams v. State*, 110 So. 2d 654 (Fla. 1959).

5

1176, 1179 (Fla. 1st DCA 2019) (quoting *Kates v. State*, 41 So. 3d 1044, 1045–46 (Fla. 1st DCA 2010)).

The evidence that Crenshaw had been abusing the victim for six years leading up to the charged acts was inextricably intertwined to establish the entire context out of which the charged crimes arose. Crenshaw alleged that the victim fabricated the abuse allegations, so the State used the collateral crime evidence to explain why she waited six years to report the abuse. The collateral crime evidence was not isolated instances of abuse but rather evidence that Crenshaw groomed the victim. Thus, the trial court properly admitted the collateral crime evidence as being inextricably intertwined with the charged crimes.

**2.**

The evidence also was admissible as *Williams* rule evidence. *See* § 90.404(2)(b), Fla. Stat. (2023) (when a defendant is charged with child molestation, evidence of other acts of child molestation "is admissible and may be considered for its bearing on any matter to which it is relevant," including to show propensity). When the State seeks to introduce *Williams* rule evidence, it must, at least 10 days before trial, give the defendant "a written statement of the acts or offenses it intends to offer, describing them with the particularity required of an indictment or information." *Id.* § 90.404(2)(d)1. Thus, the notice must "contain dates, locations, [and] details of the uncharged sexual conduct that" the State seeks to introduce. *Sabine v. State*, 58 So. 3d 943, 948 (Fla. 2d DCA 2011).

The State met those requirements here. It provided Crenshaw notice of its intent to introduce the collateral crimes well over 10 days before trial. The notice supplied the dates of the prior acts by providing the victim's date of birth and alleging that the uncharged acts began when she was six and continued up until the charged time period. It included the locations where the prior abuse occurred when it stated that the family lived in Duval, Alachua, and other Florida counties before moving to Putnam, where the charged crimes occurred. Finally, the notice contained details of the sexual conduct, noting that Crenshaw touched the victim's breasts, vagina, and buttocks; forced her to engage in oral

6

sex; forced her to touch his penis; and had sexual intercourse with her. Consequently, Crenshaw received proper notice of the State's intent to introduce *Williams* rule evidence.

### 3.

"[S]imilar fact evidence . . . cannot become [a] feature of the trial." *Whisby v. State*, 262 So. 3d 228, 231 (Fla. 1st DCA 2018). *Williams* rule evidence becomes a feature of the trial "when inquiry into the collateral crimes 'transcends the bounds of relevancy to the charge being tried' and the prosecution 'devolves from development of facts pertinent to the main issue of guilt or innocence into an assault on the character of the defendant.'" *Conde v. State*, 860 So. 2d 930, 945 (Fla. 2003) (quoting *Williams v. State*, 117 So. 2d 473, 475 (Fla. 1960)).

The collateral crime evidence did not become a feature of Crenshaw's trial. The prosecutor mentioned the collateral crimes briefly in opening and closing arguments to combat Crenshaw's theory that the victim fabricated the abuse allegations. The prosecutor also emphasized to the jury that it was there to consider the abuse that occurred in Putnam County. Moreover, when the victim testified, she mentioned the collateral crimes only in vague terms, but she described in detail the charged instances of abuse. And finally, the trial court instructed the jury on the proper scope of its consideration of the collateral crime evidence. Accordingly, the *Williams* rule evidence did not become a feature of the trial.

### V.

We now turn to Crenshaw's argument that the State's evidence was insufficient to support multiple convictions. "We review the record *de novo* to determine whether sufficient evidence supports the verdict." *Bufford v. State*, 844 So. 2d 812, 813 (Fla. 5th DCA 2003). We consider only Crenshaw's contentions that: (1) the State did not present competent, substantial evidence that counts I, V, VII, and IX occurred between January 1 and March 11, 2021; (2) his conviction for count X constitutes fundamental error because the State did not introduce competent, substantial evidence that the touching occurred between March 12 and December 23, 2021; (3) his conviction for counts II and VIII

constitute fundamental error because child hearsay alone established the elements of the crimes; (4) counts V, VI, and X were impermissibly proven by child hearsay alone; and (5) the State did not prove transmission or the date of the transmission to support his conviction for count XI. He failed to preserve all other arguments. *See Steinhorst*, 412 So. 2d at 338.

## 1.

"If the State presents competent evidence to establish each element of the crime, a motion for judgment of acquittal should be denied." *Bufford*, 844 So. 2d at 813. But "[i]f the evidence of an element of the offense charged does not conform to the date of the offense alleged in the information, the defendant's motion for judgment of acquittal should be granted." *Cox v. State*, 764 So. 2d 711, 712 (Fla. 1st DCA 2000).

Crenshaw claims only that the State did not present sufficient evidence that counts I (sexual battery with penis), V (sexual battery with fingers), VII (touching of victim's genitals), and IX (touching of victim's breasts) occurred between January 1 and March 11, 2021. At trial, the victim testified that while the family lived in Putnam County, Crenshaw touched her "private parts" with his "private part," hands, and mouth and forcefully inserted his "private part" into her "private parts." The victim clarified that she used "private part(s)" to refer to "vagina" and "penis." She stated that the abuse was ongoing and happened almost every night. The State introduced evidence that the family's lease in Putnam began January 1, 2021, and the victim lived with Crenshaw until December 2021. This is sufficient evidence to support that counts I, V, and VII occurred between January 1 and March 11, 2021.

However, the victim did not testify that Crenshaw touched her breasts while they lived in Putnam. The only evidence that Crenshaw touched her breasts came from child hearsay statements introduced through two individuals who interviewed the victim. Both witnesses acknowledged that the victim provided no timeline or dates of when that touching occurred. Accordingly, sufficient evidence does not show that Crenshaw touched the victim's breasts in a lewd or lascivious manner between January 1

8

and March 11, 2021, and Crenshaw was entitled to a judgment of acquittal on this count.

**2.**

Crenshaw did not challenge below the evidence regarding the time period in which count X occurred. He therefore asks that we review this conviction for fundamental error.

For a conviction to constitute fundamental error, there must be a complete lack of evidence "that a crime was committed at all." *F.B. v. State*, 852 So. 2d 226, 230 (Fla. 2003). There is no fundamental error if the evidence introduced at trial is insufficient as to only one element of a crime. *Id.* at 227.

The State charged Crenshaw in count X with, between March 12 and December 23, 2021, touching the victim's breasts in a lewd or lascivious manner while she was between 12 and 16 years old. The State introduced child hearsay statements through two individuals who interviewed the victim that Crenshaw touched her breasts. It therefore did not wholly fail to present evidence that he committed the crime. It merely failed to prove one element: that the victim was between 12 and 16 years of age at the time of the touching. *Cf. Glover v. State*, 815 So. 2d 698, 699 (Fla. 5th DCA 2002) (mentioning that the age of the victim is an element of sexual battery on a victim under 12). Because the State's evidence was insufficient as to only one element, we cannot say that this constituted fundamental error. Thus, we affirm this conviction.

**3.**

In addition, Crenshaw argues that his convictions on count II (sexual battery with penis between March 12 and December 23, 2021) and count VIII (touching of genitals between March 12 and December 23, 2021) constituted fundamental error because child hearsay alone supported the convictions. At trial, the State introduced child hearsay statements that Crenshaw had touched her vagina with his penis, finger, and mouth; fondled her breasts; and forced her to touch his penis.

9

Crenshaw's argument must fail because these convictions were not proven by child hearsay alone. The victim testified that Crenshaw continually touched her vagina with his penis, hands, and mouth and forcefully put his penis inside her vagina while they lived in Putnam County. The State also introduced evidence that the family lived in Putnam during the entire charged period. Crenshaw cannot show any error—much less fundamental error—on this issue.

**4.**

Crenshaw similarly alleges that count V (sexual battery with fingers between January 1 and March 11, 2021), count VI (sexual battery with fingers between March 12 and December 23, 2021), and count X (touching the victim's breasts between March 12 and December 23, 2021) were impermissibly proven by child hearsay statements alone.

Child hearsay fails to constitute sufficient evidence of a crime only when the child's trial testimony directly conflicts with the hearsay statement or the child repudiates or recants the hearsay statement. *See Mikler v. State*, 829 So. 2d 932, 936–37 (Fla. 4th DCA 2002) (direct conflict); *Godbolt v. State*, 319 So. 3d 773, 775 (Fla. 1st DCA 2021) (repudiation or recantation). The victim did not recant, repudiate, or contradict her hearsay statements during her trial testimony. She may not have testified at trial that Crenshaw touched her breasts, but this silence does not equate to recantation or contradiction. The jury properly could rely on hearsay statements alone to convict.

**5.**

In his last sufficiency challenge, Crenshaw contends that the State did not establish a transmission or the timing of such transmission regarding count XI, and the trial court therefore erred in denying his motion for a judgment of acquittal.

In count XI, the State charged Crenshaw with transmitting an image harmful to minors to the victim between January 1 and December 23, 2021, based on evidence that Crenshaw had texted the victim a picture of hairy testicle earrings. It introduced a copy

of the text message at trial, which had a timestamp of September 9, 2021. Therefore, the State introduced sufficient evidence that the transmission occurred during the charged period, and the trial court did not err in denying the judgment of acquittal on this ground.

As for Crenshaw's alternate ground, he claims that to establish a "transmission," the State, in addition to introducing evidence that Crenshaw sent the image, needed to introduce evidence that the victim viewed it. A person is guilty of transmitting an image harmful to minors if he knows or believes that he is transmitting such an image to a specific individual that he knows to be a minor. § 847.0138(2), Fla. Stat. (2021). The statute criminalizing this act clarifies that "'[t]ransmit' means to send to a specific individual known by the defendant to be a minor via electronic mail." *Id.* § 847.0138(1)(b). This definition does not also require that the individual view the image. Moreover, "[t]he legislature's use of 'believed'" when criminalizing the conduct "focuses on the person's intent that the transmission be received, and not that the transmission was received." *King v. State*, 59 So. 3d 272, 274–75 (Fla. 4th DCA 2011). Accordingly, we hold that transmission is complete when the defendant sends the image; the victim need not view it. The State did not need to prove that the victim saw the picture of the earrings, and the trial court did not err in denying the judgment of acquittal on this ground either.

## VI.

We next address Crenshaw's claim that the trial court applied the sufficiency-of-the-evidence standard to his motion for new trial and failed to weigh the evidence. "Although appellate courts generally review a trial court's ruling on a motion for new trial based upon an abuse of discretion standard, a trial court's failure to apply the correct legal standard to a motion for new trial is a legal error subject to de novo review." *Geibel v. State*, 817 So. 2d 1042, 1044–45 (Fla. 2d DCA 2002). When a trial court employs a sufficiency standard or when it is unclear which standard the court applied on a defendant's motion for new trial, we must reverse and remand for the lower court to reconsider the motion. *Moore v. State*, 800 So. 2d 747, 748, 750 (Fla. 5th DCA 2001); *Lee v. State*, 117 So. 3d 848, 850 (Fla. 5th DCA 2013).

Following the jury's verdict, Crenshaw filed a motion for new trial, broadly asserting that the verdict was contrary to the weight of the evidence. However, in this motion, he also reiterated his request for a judgment of acquittal on certain counts. At a hearing on the motion, the court denied it, stating that the verdict was not contrary to the law or the weight of the evidence. It explained that the State presented enough evidence to survive a judgment of acquittal. In response, Crenshaw pointed out to the court that it had the obligation and ability to weigh the evidence on a post-verdict motion. The court responded, "[t]here's no need for me to reweigh the jury's deliberations. I find that there was sufficient evidence presented to support [its] verdict, so there's no need for me to reweigh it. [There]'s no need for me to decide whether or not I . . . would have agreed or disagreed."

Even though the court stated that the verdict was not contrary to the weight of evidence, its later explanation and dialogue with Crenshaw suggests that the court did not weigh the evidence. To be sure, the court needed to assess sufficiency because Crenshaw reiterated his request for a judgment of acquittal in the post-verdict motion. Nonetheless, he also requested a new trial, so the court needed to unambiguously weigh the evidence as well. Because the record does not clearly show that the trial court weighed the evidence, we will remand for reconsideration of Crenshaw's motion for new trial.

## VII.

When sentencing Crenshaw, the trial court imposed a $100 cost of prosecution even though the State did not request it. We affirm. *See Parks v. State*, 411 So. 3d 414, 419 (Fla. 2025) (the minimum cost of prosecution "must be imposed by the trial court even in the absence of a request by the State").

**\* \* \***

For the foregoing reasons, we reverse Crenshaw's conviction and sentence for Count IX (lewd or lascivious molestation of a person less than 12 years of age by touching the person's breasts). In addition, we remand for the trial court to unambiguously weigh

the evidence on Crenshaw's motion for new trial. As to all the other issues that Crenshaw raises, we affirm.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings with instructions.

MAKAR and EDWARDS, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––